## DONAHUE v. CROMARTIE et al.

WHERE machinery is sold for the purpose of being placed in a building owned by the vendee, with a view of converting it into a manufactory, and is actually used for that purpose, the vendor has a mechanic's lien upon the building for the price.

Where the sale of materials, employed in the construction or alteration of a building, is made by a written contract, which is silent as to the purpose for which the articles sold were intended to be used, parol evidence is admissible to show such purpose and to establish thereby a mechanic's lien for the price in favor of the vendor.

It is not necessary to the establishment of a mechanic's lien that the labor or materials shall be employed in the making or erection of a building. It is sufficient if they are employed in the alteration of a building to adapt it to other than the original uses, or to change its form or structure.

Where the record on appeal contains a report of a referee by whom the case was tried below, in which is a finding of the facts by him, and no statement on motion for new trial appears in the transcript, it will be presumed that the findings of the referee were based upon sufficient evidence.

APPEAL from the Twelfth Judicial District.

The complaint sets forth a written contract between the plaintiff and the defendants, by which the former agrees to furnish to the latter a number of pieces of iron machinery specified therein in detail, consisting of a steam engine and boilers, and articles commonly used in connection with them, and also certain iron pans, tanks, pipes, etc., in consideration of which the defendants agree to pay the sum of $9,050—$2,000 in hand and the balance in ninety

days.    The agreement does not state or refer to the uses to which
it was intended to put the machinery, or the place where it was to
be used.    The complaint also contains a *quantum meruit* count for
other machinery, alleged to have been sold to defendants a short
time subsequently, of the alleged value of $1,356, avers the deliv-
ery and acceptance of all the machinery, and prays a personal judg-
ment for the balance unpaid on both contracts, amounting to $8,406.
It further charges that all the machinery was furnished as materials
to be used for the purpose of altering a building in the city of San
Francisco, in which the defendants then had an interest, and of con-
verting it into a sugar refinery, and that to this purpose it was
applied; and that the plaintiff, by taking the necessary steps
required by the statute, had secured a mechanic's lien on said
building for the price of the machinery, with a prayer that this lien
be foreclosed and the property sold for the satisfaction of the judg-
ment.

The answer admits the execution of the written contract, denies
that all the articles contracted for were delivered, and that those
which were delivered were of good quality; and denies that the
machinery was furnished for the altering of any building, or was
put to that use, or that plaintiff has any lien for its price.

On these issues the case was referred to a referee to find the
facts and report a judgment.

The referee found the facts substantially as stated in the com-
plaint, and as to the lien that all the machinery " was furnished by
plaintiff to the defendants as materials for said building, and to be
used in and about the same for the purpose of altering the same
and converting it into a sugar refinery, for which purpose said
machinery was intended, designed, and used."    The report recom-
mended a judgment awarding to the plaintiff relief as prayed for.

On the coming in of this report the plaintiff moved for judgment,
and at the same time the defendant moved to set aside the report
and for a new trial, both of which motions were submitted together.
The decision of the Court was that the report of the referee should
be set aside, so far as it related to the lien, and confirmed in other
respects, and accordingly a judgment was entered against defendants
personally for the amount found due, and denying the enforcement

of the lien. Plaintiff appeals from so much of the judgment as denies his lien. The transcript on appeal contains the judgment roll, the report of the referee, the motion of plaintiff for judgment; and that of defendants, to set aside the report with the order of the Court thereon, and the notice of appeal, but nothing which purports to be a statement on motion for new trial, nor any portion of the evidence.

*Crockett & Crittenden,* for Appellant.

Parol evidence was admissible to show for what purpose the machinery was sold.

It is true this Court has decided in several cases, that in order to establish a mechanic's lien it is not sufficient to prove that the materials were used in a particular building, but they must, by the agreement of the parties, have been furnished for the particular building on which it is sought to fix the lien. The referee finds that such was the case in this instance, and his report on that point is conclusive, unless it shall be held that parol proof was not admissible to establish the fact.

While we concede the general rule to be, that parol proof is not admissible to add to or vary a written instrument, we think that principle does not apply to this case. The written contract is complete in itself, and we do not seek to contradict or add to it. The undertaking on the part of the plaintiff was to construct for the defendants certain machinery at a stipulated price, and we established by parol that it was understood between the parties that the machinery was to be used in a particular building and for a specified purpose. This is only to ascertain the destination and purpose of the machinery, when made, and does not add to or vary the terms of the contract.

Such proof does not add to or vary the duties of either plaintiff or defendant under the contract, but only exhibits the uses and purposes to which it was understood at the time, between the parties, the machinery was to be applied. If A desires to purchase a gentle horse for harness, and buys one of B for that purpose, explaining fully the uses to which the horse is to be put, and if the contract of sale is reduced to writing, and without any warranty or representa-

Donahue *v.* Cromartie.

tion as to the qualities of the horse, if it afterwards turns out that the horse was unfit for harness, and that B knew it, in a suit for the fraud A would not be estopped by the written contract from showing by parol that the horse was purchased for a particular use, which was known to B, and that he misrepresented or fraudulently concealed the fact that the horse was unfit for that use. In other words, it does not vary or add to the written contract to prove the uses to which it was understood, between the parties, the subject matter of the contract was to be applied. (1 Green. Ev. sec. 288, and note.)

The principle, as we understand it, is that you may prove by parol any mere incident to the contract which does not vary or add to it, but only explains the surrounding circumstances in order to a more perfect understanding of what the parties really intended. In this case the question is, What was in the mind of the parties when the written contract was made ? Were the defendants about to convert a particular building into a sugar refinery ? Did the plaintiff know it ? Was the machinery intended and used for that purpose ? Did he contract to make the machinery with a knowledge that it was to be so used ? The referee has answered all these questions in the affirmative, and we think no rule of law was violated in admitting parol proof on that point. (See *Miller* v. *Fitchorn,* 31 Penn. 252–265 ; *Musselman* v. *Stover,* Id. 265 ; *Johnson* v. *Sherman,* 15 Cal. 291 ; *Johnson* v. *McRary,* 5 Jones, [Law N. C.] 369 ; *Stanley* v. *Green,* 12 Cal. 162.)

It is claimed by respondents' counsel, that placing machinery in a building for the purpose of converting it into a sugar refinery, is not within the terms of our statute, which gives a lien for work done or materials furnished for the " construction " or " repairing " of a building, wharf, or " superstructure."

It will be claimed on the authority of several cases in Pennsylvania, and perhaps other States, that the erection of this machinery in order to convert a building into a refinery, is not the " construction " or " repairing " of a building, or " superstructure," within the meaning of our act. We have not had access to the statutes under which the Pennsylvania cases were decided, and, therefore, are unable to say how nearly they are analogous to our own, but

Donahue *v.* Cromartie.

we think it will be found on examination that they are substantially different. But if it be otherwise, we submit that if these decisions are to the effect, that the alteration of a building is neither the " construction or repairing " of a building within the intent and meaning of the act, the decisions are not good law, and should not be followed by this Court. The manifest intention of the law is to secure to mechanics a lien for any work done upon a building, whether it be in the original construction, or in any change or repairs of it. Upon the opposite theory, a mechanic who repairs an old door or window would be entitled to a lien; but one who puts in a new door, or cuts a new window, would have no lien. One who patches an old roof would have his lien, but if he builds a new partition wall he would have none. If he should thoroughly reconstruct an old building, adhering only partially to the original plan, he would have no lien, because it would not properly be either the construction of a new building or the repairing of an old one, but only the alteration of an old building. In giving the lien to mechanics the law contemplated no such subtle distinctions as these, but by the terms " construction" and " repairing," are meant all work done in erecting, altering, or modifying the building. They are used as generic terms to embrace whatever is done towards fitting up a building for the purposes intended. Statutes must be construed with reference to the evil to be remedied, and the evil to be cured by these statutes was that mechanics who worked upon buildings were frequently defrauded of earnings by their employers, and to remedy this the lien was provided. It is scarcely credible that in providing this remedy the Legislature intended to embrace only those who erected an entirely new building, or patched up an old one, and to the exclusion of those who changed, modified, or added to an existing building. (See *McGreary* v. *Osborne*, 9 Cal. 119; *Seldon* v. *Meeks*, 17 Id. 128.)

There is no statement on motion for new trial, and consequently the findings of fact by the referee are conclusive. If parol evidence was admissible to show the use for which the machinery was designed, it must be presumed that it was introduced and was sufficient to sustain the finding.

*S. Heydenfeldt*, for Respondents.

I.   The contract was simply to furnish certain specific articles of machinery; it was not for materials, or labor, for the construction or repairing of a building or superstructure.

When once the articles were delivered the contract was executed and complete, and the defendants had the right to sell it or destroy it.   The case of *Bottomby* v. *Grace Church*, (2 Cal. 90) is decisive of this case.

In the case of *McGreary* v. *Osborne* (9 Cal. 120) the lien was given for work done in repairing machinery already erected and forming a part of the structure as fixtures.   There is no analogy between that case and the case at bar.

The case cited from 2 Cal. 90 is sustained by the decisions of other Courts.   (See *Hill* v. *Elliott*, 16 S. & R. 56.)

II.   The referee in this case acted simply as a master in chancery.   The order referring the cause required him only " to ascertain and report."

The report then, when made, was but an interlocutory stage of the cause ; it was not final, or determinate, and to make it so it had to be confirmed by the Court.   Accordingly the plaintiff moved for its confirmation, and the defendants to set it aside.

The enforcement of liens belongs exclusively to the jurisdiction of the Court of Chancery, and the Chancellor having the subject before him must decree upon the whole case.   (*McHenry* v. *Moore*, 5 Cal. 92 ; *Hill* v. *Saunders*, 8 Id. 287 ; *Dewey* v. *Bowman*, Id. 148.)   So that it is immaterial what may be the finding of facts of the referee, if they are unsustained by the record they will be disregarded.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The only question in this case is whether the machinery mentioned in the pleadings was intended to be and was used as a part of the building of the sugar refinery.   If so, the price stipulated to be paid for it constituted a lien, within the meaning of the statute. It is argued, that parol proof of this intended use or purpose cannot

be introduced in aid of the written contract for the machinery, which is silent on the subject. But we think that this evidence is not inadmissible. It does not contradict or add any new term to the written contract; it merely shows the purpose to which work stipulated for in the written contract is or was designed to be applied.

We think there is no force in the point, that to constitute a lien the work must be done in the making, or erection of a building; but that the alteration of a building to adapt it to other than the original uses, or even to change its form or structure, brings it within the provisions of the statute.

Judgment reversed, and the Court below will enter a judgment on the report of the referee.

On rehearing, NORTON, J. delivered the following opinion—FIELD, C. J. and COPE, J. concurring.

A rehearing was granted in this case upon a petition suggesting that this Court had fallen into an error in its former opinion in supposing that the question as to the right to a lien had been affected by the admission of parol testimony, and did not depend solely upon the terms of the written contract. Upon reëxamining the record we do not find that any error was committed by this Court in that respect.

In this Court the case is presented on the report of the referee, without any statement on motion for a new trial. The report of the referee consists of two parts—one being in the usual form of a finding of facts and conclusion of law, and the other being called an opinion, and consisting mostly of a discussion of the facts and law of the case and the reasons of the referee for his findings. In the former portion the referee finds as a fact, that " all the machinery mentioned in said contract ' A,' and in said schedule ' C,' was furnished by plaintiff to the defendants as materials for said building, and to be used in and about the same, for the purpose of altering the same and converting it into a sugar refinery, for which purpose said machinery was intended and designed and used." In the latter part of the report the referee says : " It may be noticed here that both parties, in the course of the trial, objected to evi-

dence going to interpret the written contract. I admitted parol proof for three reasons—1st, to show by the acts of the parties their construction of the contract; 2d, to meet the counter claim of the defendants, and 3d, to the question of lien." It appears, therefore, that the question of lien was decided by the referee upon the effect of parol evidence going to interpret the written contract. If that portion of the report styled an opinion should not be considered as a part of the report properly so called, and hence not to be regarded, still, if we assume that parol evidence was admissible, we must presume, in the absence of any statement of the proceedings on the trial, that the finding was based upon sufficient evidence. Whether or not such testimony was admissible has not been discussed on this rehearing, and we do not propose to review the former opinion of the Court upon that point.

It is possible that on the motion for a new trial in the Court below the testimony in the case was used in the stead of a formal statement, and that Court may have considered that there was no sufficient parol evidence to sustain the finding as to the lien. But as the case is presented to us without any statement, we must take the finding as conclusive.

We, therefore, adhere to the former ruling of this Court, that the judgment be reversed and the Court below be directed to enter a judgment on the report of the referee.