[No. 9795. In Bank.—October 5, 1888.]

## LEONARD GOSS ET AL., RESPONDENTS, v. LOUIS HELBING ET AL., APPELLANTS.

LIEN OF MATERIAL-MAN — PUMP FOR WATER-WORKS — FIXTURE. — A pump sold to be used in water-works, if affixed to the other works by being planted down on the ground and connected to pipes so as to admit the steam and water, is affixed to land within the meaning of section 660 of the Civil Code, and comes within the lien law.

ID. — SALE TO MANAGING AGENT. — When a pump is sold and delivered to one in charge of water-works for use at the works, without anything being said as to his acting for others, he must be held to have acted for the owners of the property, so as to charge them with a lien therefor.

ID. — OWNERSHIP—ADMISSION OF ANSWER—FINDING. — An admission of ownership in the separate answer of certain defendants in an action to foreclose a mechanic's lien must be taken as true upon appeal, notwithstanding a finding that other defendants were owners, made upon issue joined as to their ownership.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*R. Percy Wright*, for Appellants.

*C. E. Royce*, for Respondents.

The COURT.—The plaintiffs brought their action for the foreclosure of a mechanic's lien, for the price of a certain pump alleged to have been sold and delivered to the defendants, to be used in the Starlight Water-works, and the court gave judgment accordingly.

It appears from the evidence that the defendant Louis Helbing was in charge of the water-works, and had the management thereof. And we think that, under the circumstances, he must be held to have had authority to make the purchase in question. The pump was sold and delivered to him for use at the works, without anything being said as to his acting for anybody else. But

if he was, in fact, acting for somebody else, there would be no difficulty in holding the undisclosed principal liable when discovered. For whom, then, was he acting as agent? We think that he must be held to have acted for the owners of the property. The evidence shows that Helbing and his wife were the real owners. The deed to Wright and Winter was merely for the security of money. They do not appear to have been otherwise interested in the property, or to have taken any part in the management of the same. The findings, though not very skillfully drawn, sufficiently show the above facts.

Wright and Winter must, for the purposes of this appeal, be taken to have been owners of the property; for their answer admits that fact. So far as the ownership is concerned, the findings must be taken to relate to the issues raised by the Helbings.

The thing sold, if affixed to the other works, came within the lien law. (*Donahue* v. *Cromartie*, 21 Cal. 80.) And we think upon the evidence it must be considered as so affixed. It was placed in the basement of the building, and "planted down on the ground and connected to pipes, so as to admit the steam and water." (Civ. Code, sec. 660.)

The judgment and order appealed from are affirmed.

Rehearing denied.