[No. 1478.  Decided January 8, 1895.]

FRANK H. MASOW, *Receiver, Respondent, v.* WILLIAM H. FIFE ET AL., *Appellants.*

MECHANICS' LIENS—IMPROVEMENTS FOR LESSEE—LIABILITY OF FEE—MERGER OF LEASEHOLD.

A lien for materials furnished for a building cannot be maintained against the owner of the fee, when the materials were furnished to one falsely representing himself as a lessee of the premises, and credit was given to the alleged leasehold interest, no reliance being placed by the lien claimant upon the fee simple title, or upon the alleged lessee as agent of the owner.

The fact that the owner of the fee, in such a case, stated to the party furnishing materials, after nearly all had been furnished, that he would see that the alleged lessee paid therefor, will not render the owner's interest in the property subject to a lien.

The purchase by the owner of premises of improvements made by a lessee after the forfeiture of the lease and the taking possession of the premises by the owner, is not such a merger of the leasehold interest into the fee simple title as to make the lien against the leasehold a valid one against the fee.

*Appeal from Superior Court, Pierce County.*

*Parsons, Corell & Parsons,* for appellants.

A mechanics' lien for materials furnished and work done upon a leased building under a contract with the lessee extends only to the leasehold interest. *Z. C. Miles & Co. v. Gordon,* 8 Wash. 442; *St.*

*Paul, etc., Lumber Co. v. Bolton*, 5 Wash. 763; *Mentzer v. Peters*, 6 Wash. 540; *Iliff v. Forssell*, 7 Wash. 225.

*A. R. Titlow*, for respondent.

The surrender of a leasehold estate operates a merger in the fee, but this cannot be suffered to defeat the right of a third party whose rights intervened before the merger took place, and a party holding a lien on the leasehold estate has a right to enforce it, notwithstanding a subsequent failure of a lessee to pay rent, and the surrender of the lease to the lessor. *Gaskill v. Trainer*, 3 Cal. 340; *Gaskill v. Moore*, 4 Cal. 235; Gear, Landlord and Tenant, § 193; *Evans v. Young*, 10 Col. 323; *James v. Morey*, 2 Cow. 268; *Smith v. Roberts*, 91 N. Y. 476; *Koenig v. Mueller*, 39 Mo. 165.

The opinion of the court was delivered by

HOYT, J.—This action was brought to foreclose a lien upon property in the City of Tacoma. It resulted in a judgment against the persons who, it was alleged, had procured the material for which the lien was claimed, and a decree of foreclosure against William H. Fife and Harriet A. Fife, as the owners of the property upon which the lien was claimed. From that part of the decree which established the lien, the defendants Fife have appealed.

Many reasons have been suggested in the brief of appellants for a reversal, but the conclusion to which we have come as to the facts connected with the furnishing of the material makes it unnecessary to consider the objections to the lien notice. It appears from the undisputed proofs that the material was furnished under a contract made by the corporation, of which the plaintiff is the receiver, with Mark L. Wilson, who purported to act for himself and William L. Tileston ; that at the time the contract was made, said Wilson represented that he and said Tileston had a lease of the premises upon which the material was to be used ; that the contract was with them as lessees, and not as owners of the property, or as in any manner representing such owners. It further appeared that in the making of the contract no reliance was placed upon the fee simple title to the property, or upon the responsibility of the owners. Under these circum-

34–10 W

stances the statute gave no lien except upon the leasehold interest. It is claimed, however, upon the part of the respondent, that this lien could be enforced against the fee simple title for the reason that the representation of said Wilson as to himself and partner having a lease of the premises was untrue. In our opinion, the fact that the circumstances connected with the leasing of the building were not correctly and fully stated by said Wilson could not have the effect of creating a liability upon the part of the owners for the material furnished. Such owners were not shown to have had anything to do with such misrepresentations. It follows that they would not be liable for the material furnished, nor could their title in the property be affected, unless their connection with the improvement for which the material was furnished was such that the one making it would, under the statute, be held to have been their agent. Upon this question the undisputed proofs established the fact that the owners were in no sense responsible for the improvement; that said Wilson and his partner were, or said Wilson alone was, making it upon their or his responsibility as lessees of the property. Hence there was nothing to take this case out of the general rule that the leasehold interest only can be reached to secure one for the material furnished to the lessee.

Respondent further contends that the lien can be enforced against the fee by reason of the conduct of W. H. Fife, one of the owners. It was shown in this regard that after nearly all of the material had been furnished, a conversation was had with him by a representative of the corporation, in which he stated that he would see that Wilson paid for the material; but it is not claimed that he made any promise that he would pay for it, or that there was any consideration for such promise, if it was made. It was not claimed that what was said was for the purpose of inducing the corporation to continue the furnishing of the material, or that its representative so understood it.

It is further claimed that the owners had purchased of said Wilson his leasehold interest, and that by reason of such

purchase such interest had merged into the fee simple title charged with the lien growing out of the furnishing of the material. That this would have been the result had there been a purchase of such leasehold interest by the owners may be conceded. But the proof fails to show any such purchase, and the finding of the superior court to that effect must be disregarded for the reason that there is nothing to support it. The most that the proof shows is that after all rights under the lease had been forfeited, the owners took possession of the property and at the same time purchased of said Wilson the improvements which had been placed thereon. But the purchase of such improvements could not merge the leasehold interest into the fee simple title. All interest under the lease had been forfeited.

The decree will be reversed and the cause remanded with instructions to dismiss the action as to defendants William H. Fife and Harriet A. Fife, who will recover costs of both courts.

STILES and ANDERS, JJ., concur.

DUNBAR, C. J., dissents.