## WILLIAMSON ET AL. *v.* SHANK.

[No. 6,004.   Filed January 31, 1908.   Rehearing denied March 13, 1908.   Transfer denied April 10, 1908.]

1. PLEADING.—*Complaint.—Theory.—Mechanics' Liens.*—Where one paragraph of a complaint alleged that defendants were the owners of a certain lot, and that plaintiff furnished, to their contractor, materials used in a dwelling on such lot; the second, that defendant Nyce was the owner of the lot, and that plaintiff furnished such material to a contractor employed by Nyce's agent, and the third, that Nyce was the owner of the lot and that, by his conduct, he is estopped from denying liability for the materials used in the erection of the house, such paragraphs proceed upon sufficiently definite theories.   p. 514.

2. SAME.—*Complaint.—Mechanics' Liens.—Use of Materials Furnished.*—Paragraphs of a complaint for the foreclosure of a mechanic's lien, alleging that the material sued for was furnished to a contractor employed by defendants, and that such material was sold to be used, and was used in defendant's house, sufficiently shows for whose use the material was sold.   p. 515.

3. MECHANICS' LIENS.—*Statutes.—Construction.—Real Property.*—Mechanics' lien statutes are construed according to the requirements of giving substantial justice; and such liens ordinarily, though not in Indiana (§8295 Burns 1908, Acts 1899, p. 569), are not permitted upon a building, except in connection with some interest in the real estate upon which such building is situated. p. 517.

4. SAME.—*Foreclosure of.—Action.*—A suit for the foreclosure of a mechanic's lien is a proceeding *in rem*, the purpose of the mechanic's lien statute (§8295 Burns 1908, Acts 1899, p. 569) being to give the laborer, or person furnishing material, a lien for such work or material upon the interest which the person had who ordered the work done.   p. 517.

5. SAME.—*Foreclosure.—Owner.—Tenant.*—Where the owner of a lot placed a tenant in possession thereof for the purpose of erecting a house thereon, the person furnishing material therefor is

entitled to a lien upon the building as against the owner, as well as such tenant. Rabb, J., dissenting, and holding that the materialman has a right to a lien upon the lot also. p. 517.

From Steuben Circuit Court; *Emmet A. Bratton*, Judge.

Suit by Daniel Shank against Edward Williamson and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Frank M. Powers* and *John G. Yeagley*, for appellants.
*Best & Yotter* and *Robert W. McBride*, for appellee.

COMSTOCK, J.—Appellee, Daniel Shank, brought this suit against appellants to foreclose a lien for materials furnished by him to W. F. Stowe, a contractor, who had contracted with appellant Williamson for the erection and construction of a dwelling-house on lot No. 64 of the original plat of the town of Angola.

The cause was put at issue, special findings made by the court, conclusions of law stated thereon, and a decree entered in favor of appellee for $357.02.

The first error assigned challenges the sufficiency of each paragraph of the complaint. Upon this specification of error authorities are cited to the effect that a pleading 1. must proceed upon a definite theory, and each theory must be embraced in a separate paragraph. The complaint is in three paragraphs. The first proceeds upon the theory that said lot No. 64 was owned by said defendants, and that the plaintiff sold the materials to W. F. Stowe, who had contracted with the defendants to construct a dwelling-house on said lot. The second, on the theory that John W. Nyce is the owner of said lot; that Williamson, as the agent of said Nyce, entered into the contract with Stowe for the erection of a dwelling-house on said lot; that under said contract the building was erected and the material for same was furnished by plaintiff for said contractor. The third, upon the theory that said lot was the property of John W. Nyce, and that said Nyce is now estopped from denying liability,

or from rendering his property not liable for payment of plaintiff's claim. Each of these paragraphs proceeds upon a definite theory, and the rule invoked is not applicable.

It is also claimed that neither paragraph of the complaint avers facts showing for whose immediate use or benefit the materials were furnished. The first paragraph alleges that the plaintiffs sold and delivered to W. F. Stowe lumber and other building materials of the value of $317.02, a bill of particulars of which is filed with the complaint; that at the time said lumber and building materials were furnished to said Stowe he was engaged, as a contractor and builder, in the construction for defendants of a new frame dwelling-house, on their lot No. 64, in the town of Angola, Indiana; that said lumber and building materials were sold by this plaintiff to said Stowe to be used in the construction of said house, and were used by him in the construction thereof. With some variation of expression, but in substance, these allegations appear in the remaining two paragraphs. They are sufficient to meet the objection.

The court stated as conclusions of law: (1) That plaintiff has a lien upon the dwelling-house erected on said lot No. 64 by W. F. Stowe for the defendant Williamson; (2) that plaintiff is entitled to a foreclosure of his lien on said dwelling-house, exclusive of the real estate on which said house stands, for the sum of $317.02, as against all the defendants, and is entitled to have said dwelling-house sold upon a foreclosure of said lien to satisfy the same; (3) that the plaintiff is also entitled to recover his attorneys' fees in the sum of $40; (4) that the plaintiff is entitled to recover costs.

To each of the foregoing conclusions of law, each defendant separately excepted, so that the principal question involved and discussed is: Under the facts specially found and the conclusions of law, can there be a foreclosure upon the building alone?

The court, among other facts, found that on and prior to September 1, 1904, appellant John W. Nyce was, and still

is, the owner in fee simple of said lot No. 64; that at said time no buildings were situated thereon; that the defendant Williamson is the son-in-law of Nyce, and on September 1, 1904, and prior to that date, lived in the same house and ate at the same table as one of his father-in-law's family; that on said date Williamson entered into a written contract with W. F. Stowe for the erection and construction of a dwelling-house upon said lot, by the terms of which contract Williamsion was to furnish all the hardware, do the painting and varnishing, and pay certain sums of money at stipulated times; that when said contract was entered into the defendant Nyce was present and knew that said house was to be constructed on said lot, and gave his consent to Williamson to construct said dwelling thereon, and placed Williamson in possession, for the purpose of erecting said dwelling-house; that at said time Williamson was not the owner of any property and had no dwelling-house of his own in which to live; that at that time Nyce resided on the opposite side of the street and within a short distance of said lot No. 64, and during the construction of said dwelling-house frequently passed said lot, and at all times knew that the dwelling-house was being constructed, and that said Nyce, at the request of the defendant, assisted in the superintendence of the construction of said house; that all the money ever received by said Stowe for work, labor and material for said dwelling-house was paid him by the father of defendant Williamson. ''That defendant John W. Nyce never represented or claimed to be the owner of said dwelling-house or the building, or that he contracted for the same, and now claims no interest in said dwelling-house;'' that the materials so furnished were reasonably worth the amounts °charged therefor, etc.; that the reasonable attorneys' fee is $40.

The rights given by mechanics' lien statutes were formerly construed with the strictness usual to statutes derogatory of

the common law, and while they are still so construed in some states, the more recent trend of the decisions is toward a relaxation of the ancient strictness. While the statute must be strictly followed in securing the lien, the law must be construed in accordance with the principles of substantial justice. A mechanic's lien cannot, ordinarily, be imposed upon a building unless in connection with some estate or interest in land on which it is erected. 4 Current Law, p. 618.

In some states (Indiana being of the number) the lien may be imposed upon a house alone. Our mechanics' lien statute provides that "all persons  *  *  *  furnishing material *  *  *  for the erection  *  *  *  of any house  *  *  * may have a lien upon the house and upon the interest of the owner of the land on which it stands." §8295 Burns 1908, Acts 1899, p. 569.

This statute provides, then, for a lien, first, upon the house; second, upon the land. The action is *in rem.* The purpose of the statute is to give all persons performing labor or furnishing material a lien for all work done by them upon any description of property and upon whatever interest the person who caused the building to be erected has. *McGreary* v. *Osborne* (1858), 9 Cal. 119; 2 Current Law, p. 869.

The findings show that Williamson was the tenant of his father-in-law. That tenancy, so far as shown, has not been terminated. The tenant was put in possession for at least one purpose, to wit, the erection of a building. If it had been agreed that he was to have the use of the building for its erection, or was thus to pay the rent in advance, he would properly have been deemed the agent of the landlord, and the materialman would have been entitled to his lien, and if, without any contract as to rent, the tenant was put in possession by the landlord, with the privilege of erecting a build-

ing, the materialman is still entitled to his lien upon the building. Under the facts found, appellee was entitled to have his lien foreclosed against the house alone, and neither of the appellants can be heard to complain of the decree. *McCarty* v. *Burnet* (1882), 84 Ind. 23; *Masow* v. *Fife* (1895), 10 Wash. 528, 39 Pac. 140; *Parker* v. *Hall* (1879), 14 Phila. 619.

Appellee has assigned cross-errors, but we are of the opinion that the decree gives him all to which he is entitled.

Judgment affirmed.

Roby, C. J., Hadley, P. J., Myers and Watson, JJ., concur.

## DISSENTING OPINION.

RABB, J.—I cannot altogether concur in the opinion of the court in this case. In my view the facts found establish the relation of principal and agent between John W. Nyce and his son-in-law, Williamson, in the matter of constructing the house in question. The question of agency is generally a question of fact, and not of law; but where facts are established from which the law will imply agency, then it becomes a question of law for the court. Are the facts shown by the special findings in this case such that the law will imply from them that appellant Williamson, in the construction of the house on Nyce's land, acted as Nyce's agent?

It may be conceded that knowledge on the part of the owner of real estate that a stranger is erecting a permanent structure on his land will not create the relation of principal and agent between the parties, nor give the contractor, with the stranger, for the construction of the building, a right to a lien on either the land or the building. It may also be conceded that if the owner of the land passively consents to the erection of such structure, such knowledge and consent will not create such relation, nor give such right. But the special findings in this case go further than this. They not only find that Nyce had knowledge of, and gave his

consent to, the erection of the building on his lot by Williamson, but they find that he put Williamson in the possession of the lot for the express purpose of erecting thereon the dwelling-house in question.

It has been the law from the days of the Hornbooks to the present that permanent structures erected upon land become a part of the freehold, unless there is some contract between the owner of the land and the party erecting the structure, or some special statute that takes the particular case out of the operation of the rule.    The dwelling-house erected by Williamson on Nyce's lot, under the circumstances shown in this case, attached to the freehold and became a part of it. A conveyance of the lot by John W. Nyce would carry with it the dwelling-house.

The dwelling-house became by operation of law his property, as much so as the lot itself.    He is presumed to know the law, and to know that when Williamson built the house on his lot that it was built for him and became his property. The finding that Nyce put Williamson in possession of the lot for the purpose of building the house thereon is in legal effect a finding that Nyce put Williamson in possession for the purpose of building a house thereon for Nyce, because it comes to that.    The further finding of the court that Nyce is not now claiming the building is without force.    He is claiming the lot, and the house is an inseparable part of the lot; and he is in this court contesting the right of the appellee to a lien on either the house or the lot.    From the fact that appellant Nyce placed appellant Williamson in possession of the lot for the purpose of erecting the house thereon, it follows as a legal conclusion that what Williamson did in pursuance of that purpose he did as the agent of the owner of the lot.    *Jones* v. *Pothast* (1880), 72 Ind. 158;   *Thompson* v. *Shepard* (1882), 85 Ind. 352;   *Cannon* v. *Helfreck* (1884), 99 Ind. 164;   *Goss* v. *Helbing* (1888), 77 Cal. 190, 19 Pac. 277;   *Lengelsen* v. *McGregor* (1904), 162 Ind. 258.

The appellee has assigned as cross-error the conclusion

of law stated by the court that appellee was entitled to a foreclosure of his lien against the house exclusive of the real estate. I think the court erred in this conclusion, and that appellee was entitled, upon the facts found, to the foreclosure of his lien against both the building and the lot upon which it stood. I think the cross-errors should be sustained.