## BIG SESPE OIL CO. v. COCHRAN.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1921. Rehearing Denied December 5, 1921.)

No. 3666.

1. **Courts ☞280—Burden of defeating jurisdiction of federal court, properly averred, is on defendant.**

   The burden of defeating the jurisdiction of a federal court, properly averred in plaintiff's pleading, is on defendant, and, where a bill alleged diversity of citizenship and that complainant was a citizen of a certain state, a denial merely that he was a citizen of such state was not sufficient to challenge the jurisdiction.

2. **Equity ☞415—Not necessary to make all findings to sustain decree.**

   It is not essential for a court to make findings of all facts necessary to sustain its decree.

3. **Limitation of actions ☞39 (9)—Suit for accounting governed by four-year statute.**

   A suit by a judgment debtor against a purchaser of real property at execution sale for an accounting of rents and profits accruing prior to the expiration of the time for redemption under Code Civ. Proc. Cal. §§ 702, 707, *held* governed by the four-year limitation contained in section 343.

4. **Execution ☞301—Demand for accounting by judgment defendant entitled to redeem held sufficient.**

   A written demand for an accounting of rents and profits made on purchaser of real property at execution sale on behalf of a corporation judgment defendant entitled to redeem, and signed by its attorney, who had previously acted for defendant and had been recognized as such by the purchaser in other transactions, *held* legal and sufficient under Code Civ. Proc. Cal. § 707.

5. **Corporations ☞618—Delaware corporation held to have power after dissolution to redeem property from execution sale.**

   Under General Corporation Laws Del. § 40, providing that corporations expiring by limitation or otherwise dissolved shall be continued for the term of three years for the purpose of closing and settling their business, conveying property, and prosecuting and defending suits, a Delaware corporation, dissolved under the statute for nonpayment of taxes *held* to have the power within three years thereafter to redeem real property from execution sale under the laws of California.

6. **Execution ☞293—Right of redemption held assignable.**

   The right of redemption from an execution sale of real property given by Code Civ. Proc. Cal. § 701, to the judgment debtor or his successor in interest in the whole or any part of the property, is a property right which is assignable by a judgment debtor independent of any transfer or an interest in the property.

7. **Execution ☞281—Purchaser wrongfully in possession accountable for rents and profits.**

   Where, at the time of the sale on execution of the interest of a judgment defendant in real property, it had only a qualified interest, without the right of possession, its estate not having been reduced to possession, the purchaser, which took possession and operated oil wells on the property, is liable to the owner of the legal title as a trespasser for the gains and profits.

8. **Execution ☞265—Sale of personalty held in trust for defendant does not convey title.**

   A sale on execution of personal property of which the judgment defendant is the beneficial owner, but title to which is in a trustee, does not

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

convey to the purchaser the legal title, but only the right to enforce the trust.

9. **Fixtures** ⊗⟹9—**Oil wells, derricks, tanks and pump, and camp houses held "fixtures."**

Oil wells, derricks, tanks and pump, and camp houses, are "fixtures" under Civ. Code Cal. § 660.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fixture.]

10. **Mines and minerals** ⊗⟹51(5)—**Willful trespasser held entitled to no allowances on accounting except for taxes paid.**

On an accounting by a willful trespasser which operated oil wells on the property, defendant *held* entitled to no allowance from the proceeds of such operation except for taxes paid on the property.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit in equity by William H. Cochran and William H. Cochran, as trustee, against the Big Sespe Oil Company. Decree for complainant, and defendant appeals. Affirmed.

This is an appeal from a final decree against the Big Sespe Oil Company, involving right to the possession of certain oil lands in California. Cochran, plaintiff below and appellee here, sued the Big Sespe Oil Company, and McMartin, sheriff, alleging that plaintiff is a citizen of New York; that plaintiff's assignor, the Pacific Crude Oil Company, is a citizen of Delaware, and the Big Sespe Oil Company a citizen of California. The bill alleges that in 1917 in the state court in California, the Big Sespe Oil Company recovered judgment against the Pacific Crude Oil Company for $15,000 and interest; that in March, 1917, upon execution, the sheriff of Ventura county in California sold all the interest of the judgment debtor in and to the certain lands to the Big Sespe Oil Company for $17,340.50, and a certificate of sale was given to the purchaser, and it took possession; that the moneys and profits received by the oil company are a credit upon the redemption money required to be paid. It is alleged that before the expiration of the time for redemption the judgment debtor, Pacific Crude Oil Company, demanded from the Big Sespe Company a statement of moneys and profits, but failed to receive any such statement; that demand was made upon the sheriff and that, as provided by section 707 of the Code of Civil Procedure of California, the sheriff was notified that the time for redemption of the real property was extended, and that until such time was expired the sheriff should not deliver conveyance to the Big Sespe Oil Company.

Further allegations are that about August 29, 1918, the sheriff made an instrument purporting to convey to the Big Sespe Oil Company the title and interest of the Pacific Crude Oil Company to the real property described therein; that when such conveyance was made the lawful time for the redemption of real property had not expired; that the certificate was of no effect; that the sheriff claimed that he delivered the instrument unto Big Sespe Oil Company pursuant to a writ of mandate issued August 29, 1918, out of the superior court of the state, directing the sheriff to make and execute the deed, but that neither the assignor of Cochran, nor Cochran, was a party to the proceeding in which the writ of mandate was issued, and that the writ is not legal warrant for the making or delivery of the instrument of the 29th of August; that the facts relevant to the question of the legal issuance of the writ of mandate were suppressed by the oil company; that the allegation in the petition for the mandamus falsely stated that the period for the redemption of the property from the sale under execution one year from March 3, 1917, had expired; that the court was deceived and misled, and that all the proceedings, including the written instrument of conveyance from the

⊗⟹For other cases see same topic & KEY NUMBER in all Key-Numbered Digests & Indexes

sheriff, were of no effect as against the rights of the Pacific Crude Oil Company, or it assignee, Cochran; that on June 11, 1919, the Pacific Crude Oil Company assigned and conveyed unto Cochran all of the described redemption and right of redemption which the judgment debtor at any time had or might have unto the real property from the sale under execution, and that since the 11th of June, 1919, Cochran is entitled to make redemption and desires to do so, but cannot determine the amount required until the oil company has given account of money and profits since March, 1917. Accounting is prayed for, also that the proceedings in the mandate proceeding referred to be declared inoperative as against the rights of Cochran, and that the deed of the sheriff be declared void ab initio.

Defendants admitted the extraction of oil, and the realization of about $13,-000, denied that such moneys were a credit upon the redemption money, denied the demand for an accounting, and pleaded that from March 30, 1917, Cochran was the holder of the legal title of the real property as trustee for the Pacific Crude Oil Company, and that neither he nor the oil company did the assessment work upon the placer claims described in the complaint for the year 1914, nor paid the taxes due upon the said property for 1914, 1915, and 1916; that in August, 1914, the oil company commenced an action against Cochran as trustee for the Pacific Crude Oil Company, and the Pacific Crude Oil Company, to foreclose this vendor's lien upon the real property described; and that from the beginning of such action to August, 1918, the date of the execution by the sheriff's deed to the Big Sespe Oil Company, Cochran was informed of all proceedings relating to the title to the said property. The answer pleads laches on the part of the Pacific Crude Oil Company and Cochran, and that on June 11, 1919, the Crude Oil Company had no legal existence and possessed no right of redemption.

Interlocutory decree was made in favor of Cochran, and the case was referred to a special master for an accounting. The court adopted the report of the special master and decreed that Cochran had a right of redemption, and that certain sums were due by the Big Sespe Oil Company to Cochran; that the instrument in writing dated August 29, 1918, by the sheriff, purporting to grant the property to the Big Sespe Oil Company under the execution on March 3, 1917, should be set aside and held for naught, and that the Big Sespe Oil Company should surrender the instrument to be canceled. The Big Sespe Company was also restrained in the decree from claiming any right to the premises, the premises were ordered to be surrendered free of all liens and incumbrances, and Cochran was held entitled to recover certain amounts.

Dudley W. Robinson and A. I. McCormick, both of Los Angeles, Cal., for appellant.

Theodore Martin, of Los Angeles, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Appellant questions the jurisdiction of the lower court in general and specially upon the ground that—

"The evidence was insufficient to show that the cause of action was one between citizens of different states of the United States."

The first allegation of the complaint is:

"Jurisdiction of this case arises and is given to this honorable court by reason of the diversity of the citizenship of the parties hereto. Complainant is now and always has been a citizen of the state of New York. Complainant's hereinafter particularly mentioned and described assignor, Pacific Crude Oil Company, is a corporation formed, organized, and existing under and by virtue of the laws of the state of Delaware, and is also a citizen of the said state of Delaware."

The defendants Big Sespe Oil Company and McMartin, sheriff, in their joint and several answer, set up that—

"They had no knowledge or information sufficient to enable them to form a belief as to the truth of the allegation in paragraph 1 of complainant's bill, that complainant is now and always has been a citizen of the state of New York, and basing their denial upon that ground, deny that complainant is now or always or at any time has been a citizen of the state of New York. Otherwise than as herein set forth, defendants admit every allegation of paragraph 1 of said bill."

It is apparent that defendant's answer was limited in that it did not deny alleged diversity of citizenship, but merely the allegation that plaintiff was a citizen of New York. In Sheppard v. Graves, 14 How. 505, 14 L. Ed. 518, the court said:

"Although in the courts of the United States it is necessary to set forth the grounds of their cognizance as courts of limited jurisdiction, yet, wherever jurisdiction shall be averred in the pleadings, in conformity with the laws creating those courts, it must be taken prima facie as existing, and that it is incumbent on him who would impeach that jurisdiction for causes dehors the pleading to allege and prove such causes; that the necessity for the allegation and the burden of sustaining it by proof both rest upon the party taking the exception."

While consent of the parties cannot give jurisdiction, facts may be admitted which show jurisdiction, and the courts may act judicially upon such admissions. Denny v. Pironi et al., 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657. The denial that plaintiff was a citizen of New York should not be construed as a denial of diversity of citizenship and of jurisdiction.

In Adams v. Shirk, 117 Fed. 801, 55 C. C. A. 25, the complaint alleged that plaintiff was a citizen of Indiana, and the defendant a citizen of Illinois. Defendant pleaded to the merits, and also in abatement for want of jurisdiction on the ground that the plaintiff Shirk was a citizen of Illinois. The question of citizenship was tried, and upon appeal to the Circuit Court of Appeals it was contended that the plaintiff below held the burden of showing that at the time of the commencement of the action he was a citizen of Indiana. The court said:

"The proper allegation of jurisdictional facts, prima facie, was true. Simply to deny that * * * Shirk was a citizen of Indiana would not show a want of jurisdiction. He may have been a citizen of some other state than Illinois, whereof plaintiff in error was a citizen. That * * * Shirk was a citizen of Illinois was a material and necessary allegation. It was an affirmative averment, the burden of proving which, even under a proper plea in abatement, would have fallen on plaintiff in error."

That case was cited in Hunt v. N. Y. Cotton Exch., 205 U. S. 322, 27 Sup. Ct. 529, 51 L. Ed. 821. In Hill v. Walker, 167 Fed. 241, 92 C. C. A. 633, it was alleged by the plaintiff that he was a citizen of Illinois, and that the defendant corporation was organized under the laws of Missouri. There was a general denial under which the contention was made that the citizenship of the plaintiff was put in issue. Plaintiff testified that he lived in Illinois. The court held that the force and effect of a proper pleading of jurisdictional facts made a prima

facie case in favor of jurisdiction, and that such jurisdiction continues until evidence is produced to convince the court that it is without power to proceed. The court also said:

"What the defendant is attempting to do is to challenge the jurisdiction of the court, and in order to do that he must not simply deny the citizenship as alleged in the complaint, but must allege affirmatively facts showing that the plaintiff and defendant are citizens of the same state, or make such other averments as shall show directly that the cause is beyond the lawful cognizance of the court."

Petition for writ of certiorari was denied in 214 U. S. 517, 29 Sup. Ct. 698, 53 L. Ed. 1064. In Simkins, Fed. Equity Suit (3d Ed.) p. 125, the author holds that the burden of proof is on the defendant to defeat jurisdiction when the issue is raised.

In Chase v. Wetzlar, 225 U. S. 79, 32 Sup. Ct. 659, 56 L. Ed. 990, the court referred to Sheppard v. Graves, supra, and other earlier decisions, pointing that there was no conflict between the doctrine of those cases and the provisions of the act of 1875, § 8 (Comp. St. § 1039) requiring a federal court of its own motion to dismiss a pending suit when it is found not to be really within the jurisdiction of the court. Other pertinent cases are: Barry v. Edmonds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682. The cases cited sustain the view that the defendant's pleading presented no material issue as to citizenship, and that the pleadings made a prima facie case of existing jurisdiction.

But if we were to assume that there was an issue and reference could be had to the evidence which had any relation to the citizenship of the plaintiff, we should have to find that there was sufficient to sustain the jurisdictional averments of the complaint, for the plaintiff testified that his home was in New York; that he first came to California in 1914 in connection with some business and was engaged by persons who organized the Pacific Crude Oil Company to perform services for them; that he returned to his "home" in July, 1914, but in 1915 was employed to come back to California to carry on this litigation, but again returned to his "home" when his work was finished. In Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579, cited by appellant, the point decided was that where jurisdiction depends upon the citizenship of the parties, the requisite diversity must be alleged by the pleadings and must appear of record. To this proposition all must agree. But on the other hand, if there is not a sufficient allegation, yet there does appear to be competent evidence in support of such diversity of citizenship, the court may proceed to exercise jurisdiction.

[2] Nor do we think it is necessary for the court to make a finding as to all the facts necessary to sustain the decree. Liebing v. Matthews, 216 Fed. 1, 132 C. C. A. 245. Hanchett v. Blair, 100 Fed. 817, 41 C. C. A. 76, decided by this court in 1900, is to be distinguished in that the issue of jurisdiction was there presented by a verified answer, the effect of which was controlled by the then existing rules of practice in equity.

Appellant relies upon laches. The evidence shows that Cochran, in March, 1914, as attorney for the Pacific Crude Oil Company, negotiated for the purchase from the appellant herein of the property involved, and that at various times, and up to the time of a written demand for a statement on March 1, 1918, the appellant and its attorneys dealt with Cochran as attorney and recognized him as such. Cochran's evidence is that after the sale of the property on March 3, 1917, he conferred with the secretary and treasurer of the appellant as to what could be done with the situation into which affairs had drifted; that toward the fall of 1917 he told the secretary and treasurer that he wished a statement of what moneys appellant had received from the property and what expenses had been incurred, so that he would know what moneys were necessary to redeem the property; that the statement was promised but was not furnished; that about January, 1918, he wrote the secretary renewing his request for a statement. The secretary answered this request by referring Cochran to the attorney for the company. Thereafter, formal written demand for statement of rents and profits was made, and thereafter the appellant instituted proceedings in the state court for a mandate to require the sheriff to execute and deliver to appellant as purchaser at the execution sale of March 3, 1917, a deed, and it was in pursuance of the proceeding instituted in July, 1918, that mandate issued, and that the sheriff delivered the purported deed.

It is correct that neither the judgment debtor nor Cochran as trustee intervened formally in that suit, but the evidence is that Cochran as attorney for the Pacific Crude Oil Company and as trustee voluntarily appeared in the state court, and that in that court counsel for the appellant herein formally objected to Cochran's being made a party to the proceeding and to his being heard by the state court, and that the state court did not hear Cochran in that proceeding and that he was not made a party to it.

We can find no ground for sustaining the plea of laches.

It is argued that the demand for a statement was ineffectual. Under section 707, California Code of Civil Procedure, it is provided that if the purchaser shall fail or refuse to give the statement of rents and profits demanded in accordance with other provisions of the section, the debtor may bring an action in any court of competent jurisdiction to compel an accounting and disclosure of such rents and profits, and until 15 days from and after the final determination of such action the right of redemption is extended to such debtor. In the present case the judgment debtor in due season made the demand in writing required by this section, but the defendant, appellant here, failed to give the statement demanded. This gave a right of action for an accounting to the complainant. Furthermore, the refusal of the statement operated to extend complainant's time to redeem until 15 days after the final determination of this suit.

[3, 4] Section 343 of the California Code of Civil Procedure provides that an action for relief not theretofore provided for must be commenced within four years after the cause of action shall have accrued. This being an action for accounting is within the four-year lim-

itation. Allsopp v. Joshua Hendy Machine Works, 5 Cal. App. 228, 90 Pac. 39. Under the California statutes regulating redemption—

The judgment debtor may redeem at any time within 12 months after the sale, he paying the amount of the purchase together with other amounts specified, and the purchaser from the time of the sale until redemption is entitled to receive the rents of the property sold or the value of the use and occupation thereof, "but when any rents or profits have been received by the judgment creditor or purchaser * * * from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption money to be paid; and if the * * * judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor * * * a written and verified statement of the amounts of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is given by such purchaser * * * to such * * * debtor. If such purchaser * * * shall, for a period of one month from and after such demand, fail or refuse to give such statement, such * * * debtor may bring an action in any court of competent jurisdiction, to compel an accounting and disclosure of such rents and profits, and until 15 days from and after the final determination of such action, the right of redemption is extended to such * * * debtor." Sections 702 and 707, Cal. C. C. P.

Defendants argue that the judgment debtor could not have acquired legal title to any real property within California nor could any one transact business in California on the judgment debtor's behalf because the debtor had not registered in California as a foreign corporation, and because the demand was not signed or executed by the Pacific Crude Oil Company or any proper authority, and that W. H. Cochran, who signed the demand as attorney and otherwise for the debtor, was not authorized to act as he did. The demand was signed as follows:

"Pacific Crude Oil Company, by Wm. H. Cochran, its Attorney; Wm. H. Cochran, as Trustee for Pacific Crude Oil Company, and Wm. H. Cochran."

There is ample evidence that Cochran, a member of the bar of the state of New York, was retained by the Pacific Crude Oil Company as its attorney, acted in California for his client, negotiated with defendant appellant for the purchase of the property, was in frequent contact with defendant and its attorneys, and was dealt with by defendants as attorney for the judgment debtor for several years prior to March 1, 1918. It is also plain that Cochran was retained by the Pacific Crude Oil Company to return to California and do what he thought was best in legal proceedings and otherwise so that the property would not be lost to the corporation. In the light of the evidence, we agree with the District Court that the demand for statement was legally and properly made and that it was the duty of the Big Sespe Oil Company to make the statement.

[5] Appellant urges that the Pacific Crude Oil Company forfeited its charter in Delaware on January 28, 1918, and thereafter had no legal existence, and that upon such forfeiture the directors of the company became its trustees, and that it was only such trustees who could make or authorize the making of the written demand for statement.

Granting that under the franchise tax laws of the state of Delaware (Rev. Code 1915, § 111), section 74, the charter of the company became void on January 28, 1918, for nonpayment of taxes then due the

state of Delaware, nevertheless by section 40 of the General Corporation Laws of Delaware (22 Del. Laws, c. 394) it is expressly provided that—

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall, nevertheless, be continued for the term of three years from such expiration or dissolution of bodies corporate, for the purpose of prosecuting or defending suits by or against them, and of enabling them gradually to settle or close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

Under the section quoted the Pacific Crude Oil Company was continued as a body corporate with certain powers for the term of three years from January 28, 1918. Such appears to be the rule established in Harned v. Beacon Hill Real Estate Co., 9 Del. Ch. 232, 80 Atl. 805, affirmed by the Supreme Court of Delaware in 9 Del. Ch. 411, 84 Atl. 229. Hanau v. Sage (C. C.) 58 Fed. 651; Olmstead v. Distilling & Cattle Feeding Co. (C. C.) 73 Fed. 44. The principle of the decisions cited is that under section 40, supra, provision is made for the continuance of the corporation in order that the company itself may settle and close its business. Thus, the corporation itself under the statute became a trustee for the purpose of converting and dividing its property and otherwise winding up its affairs.

Appellant questions the validity of the assignment by the judgment debtor to Cochran upon the ground that the Pacific Crude Oil Company is not bound thereby.

The assignment of the right of redemption appears to be regular in form, signed by the president of the Pacific Crude Oil Company, acknowledged before a notary public in Pennsylvania, to which is attached the certificate of the prothonotary of the court of common pleas to the effect that the officer who subscribed to the certificate of the acknowledgment was a notary public, to whose acts full faith and credit should be given, and that his signature was genuine, and that the instrument was executed and acknowledged in conformity with the laws of the state of Pennsylvania. The court below rightly admitted the assignment in evidence as in compliance with section 1951 of the Code of Civil Procedure of California and section 1189 of the Civil Code of California.

[8] We cannot uphold the contention of the appellant that inasmuch as the statute of California, section 701, C. C. P., provides for redemption by the judgment debtor or his successor in interest in the whole or any part of the property, the debtor cannot clothe a stranger as assignee with the right of redemption independent of a transfer of some interest in the property. The statute gives the judgment debtor the right to redeem, and the general rule is that statutes giving such right do not make the actual ownership at the time of sale or redemption a condition precedent, as the right follows the person and not the land and continues for the period prescribed by the statute, although the debtor meanwhile may have parted with his title. So. Cal. Lbr. Co. v. McDowell, 105 Cal. 99, 38 Pac. 627, was a case where the judgment debtor never had any title to or interest in a certain part of

the property sold at the execution sale, but the court held that he was entitled to make redemption. The same doctrine is sustained in Yoakum v. Bower, 51 Cal. 539. The statutory right of redemption where property has been sold at an execution sale is as a rule assignable, the assignee succeeding to all rights and interests of his assignor. 17 Cyc. 1329. Section 655, Civ. Code, recognizes that there may be ownership of rights created or granted by statute, and we cannot perceive why a judgment debtor may not have ownership of a right of redemption, and why such right is not property, and why, if the right to assign the right of redemption exists, the assignor may not also assign the right to enforce such right.

[7] It is argued that as appellant the purchaser at the execution sale, acquired no right of possession of the property, he could not take possession until after the expiration of the period within which redemption from such sale could be made. But the material question is: What are the rights acquired by the appellant as purchaser at the execution sale of the then existing rights and interests of the Pacific Crude Oil Company in the real property involved in the present litigation? Clearly, when the execution sale was had, Cochran was the holder and owner of the legal title to the property, in actual possession, and operating the same. The Pacific Crude Oil Company had then no right of possession. Cochran doubtless was under obligation to convey the land to the Pacific Crude Oil Company upon demand by that corporation, but as the Pacific Crude Oil Company never made any demand on Cochran to convey and never brought any action to compel such conveyance, appellant's argument is irrelevant to the point involved in the present case.

Under section 707 of the California C. C. P., the purchaser from the time of sale until redemption became entitled to receive from the tenant in possession the rents of the property sold or the value of the use and occupation thereof. The purchaser acquired merely a qualified estate in the property sold until the time for redemption expired. The purchaser is not entitled to possession of the sold property, but may only receive the rents from the tenant in possession, if there be one, or the value of the use and occupation should the owner himself remain in possession and use of the property. Harris v. Reynolds, 13 Cal. 515, 73 Am. Dec. 600; Pollard v. Harlow, 138 Cal. 390, 71 Pac. 454, 648.

In the present case the judgment debtor, not in possession, may have had a right to obtain possession under certain conditions and in a lawful manner, but under no circumstances did the Pacific Crude Oil Company have more than a qualified estate which it had not reduced to possession. The District Court so held and advanced to the logical conclusion that inasmuch as the Big Sespe Oil Company had no right to possession its possession became a trespass.

[8] Error is assigned to the action of the District Court in restraining the defendant Big Sespe Oil Company from asserting or setting up any claim of right to the personal property, machinery, and fixtures, or to the rents from the real property since March 3, 1917, by virtue of the execution sale or the deed made in pursuance thereof.

The appellant bases its claim of ownership of the personal property on the certificate of sale from the sheriff of Ventura county, Cal. The certificate sets forth that by virtue of the execution placed in his hands in the suit in the state court the sheriff sold personal property according to law after due and legal notice to the Big Sespe Oil Company. The appellees contend that no ownership or title was acquired under the sheriff's sale. The deeds of March 30, 1914, conveyed unto Cochran, as trustee for Pacific Crude Oil Company, all of the real property involved in this litigation, "and also all and every the personal property in, on or about the said premises, and more particularly described in the schedule of personal property" annexed to the deed. The personal property described in the schedule includes that which is claimed by the appellant herein. Cochran, by virtue of those deeds, not only acquired legal title to the realty, but also the legal ownership of the personal property on the realty. It would therefore follow that what was sold by the sheriff in 1917 was the right of the Pacific Crude Oil Company to enforce the trust in connection with the property against the trustee, and the purchaser at the sale acquired no greater interest in the personal property than was the right of the Pacific Crude Oil Company. If this is the correct view, the Big Sespe Company did not purchase the property itself and did not own it, but merely acquired right of the judgment debtor to enforce a trust.

[9] Included in the schedule as personal property are certain derricks and camp houses and wells and tanks. Under section 658, Cal. C. C., real or immovable property consists of land and that which is affixed to land, and that which is immovable by law. "Fixtures," under section 660, are deemed to be things attached to the lands or imbedded in it, as in the case of walls permanently raised upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws. Camp houses and the pump house would be brought within the definition of fixtures, so would be the five tanks and the four wells. Goss v. Helbing, 77 Cal. 190, 19 Pac. 277; section 661, Cal. C. C.; Malone v. Big Flat Gravel Co., 76 Cal. 578, 18 Pac. 772.

Cochran as trustee filed a petition to intervene on November 17, 1920, which was nearly seven months after the interlocutory decree herein was rendered, and after the cause was set down for settlement on the report of the special master and the final decree. The intervention was allowed under Equity Rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii), which authorizes any one claiming an interest in the litigation at any time to assert his right by intervention, subject to certain restrictions, and as the appellant in his petition for intervention set forth that if the report of the special master should be confirmed as filed defendant, appellant here, might be left subject to another suit or action by the trustee for the very same moneys, rents, and profits. We find no error in the action of the court. By the intervention the disposition of any claims Cochran may have had could be had without separate prolonged litigation.

[10] It is said that the decree erred in directing appellant to deposit in court $3,843.84 together with interest found to be the surplus of

profit over the amount required to be redeemed. The master went into the accounts in great detail, and we are by no means satisfied that he erred in his final adjustment. Inasmuch as the Big Sespe Oil Company was a willful ·trespasser on the property, no allowances should have been made in its favor except for taxes which it had paid on the property. The master adopted this rule, and properly proceeded to assess damages as indicated in E. E. Bolles Wooden Ware Co. v. U. S., 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230.

The master and the District Judge carefully considered the items in the accounting, and, as appellant has failed to show error in their conclusions, we affirm the decree.

Affirmed.    Costs to be taxed to appellant.