THOMAS B. HARNED,

*vs.*

BEACON HILL REAL ESTATE COMPANY.

*New Castle, July* 19, 1911.

A collateral attack on the appointment of a receiver may be made only when the Court making the appointment was without jurisdiction.

The jurisdiction of the Court of the cause should be re-examined by it, when the purchaser at a sale made by a receiver appointed in the cause questions the jurisdiction by petition to set aside the sale.

The power given the Court of Chancery by the general corporation law, (*c.* 166, *v.* 22, *Laws of Delaware*) § 43, to appoint a receiver for a dissolved corporation "at any time", is not limited to the three years from expiration or dissolution of a corporation.

The proper proceeding for the appointment of a receiver for a dissolved corporation is a bill in equity against the corporation, and those who were officers of the corporation when it was dissolved may answer the bill.

OBJECTIONS TO CONFIRMATION OF RECEIVER'S SALE.    A bill was filed by a stockholder and creditor of the Beacon Hill Real Estate Company, alleging that it was organized under the general corporation Act in 1900, and having thereafter failed for two years to pay the franchise tax due the State of Delaware, the Governor, on February 17th, 1906, by proclamation decreed that its charter was thereby repealed in accordance with the franchise tax Act, that it had never been reinstated, and that the taxes still remain unpaid. It was further alleged that the company was still the owner of a tract of land, notwithstanding it had been sold and conveyed by the corporation, because the conveyance had been made more than three years after the dissolution of the corporation by the proclamation of the Governor, and that a receiver should be appointed to take charge of its affairs. It was prayed in the

bill that the receiver may have, in addition to the general powers of a receiver, power to sell and convey all its real estate and other property for the benefit of the stockholders. In this bill the company was made defendant, and an appearance having been entered by a solicitor for the defendant, an answer was filed for the company, admitting the allegations of the bill and submitting to the orders of the Court. The answer was signed by the president, under the corporate seal, attested by the secretary, and by two persons, the directors of the company. Upon the filing of the answer the Court appointed a receiver to take charge of its property, and he was ordered to sell the real estate at public sale, and make return thereof. A sale having been had, pursuant to the order, the purchaser, William Beadenkopf, filed a petition alleging that he had been advised that the proceedings under which the receiver had been appointed were irregular and void, and that a good marketable title to the land could not be made to the purchaser under the sale. The irregularity alleged consisted in the fact "that at the time the said proceedings were instituted the Beacon Hill Real Estate Company, the defendant named therein, was a dissolved corporation and had ceased to exist," as appeared by the bill. The petitioner prayed that the order of sale be revoked, the sale set aside and the part payment made by the purchaser be refunded to him.

By the franchise tax Act, approved March 10th, 1899, (21 *Del. Laws*, *c.* 166) and the amendments thereto (22 *Del. Laws*, *c.* 15), it is prov ded, as follows:

"*Section* 10.. If any corporation hereafter created shall for two consecutive years neglect or refuse to pay the State any tax which has been or shall be assessed against it, or which it is required to pay, under any law of this State and made payable into the State treasury, the charter of such corporation shall be void, and all powers conferred by law upon such corporation are hereby declared inoperative and void, unless the Governor shall for good cause shown to him, give further time for the payment of such taxes, in which case a certificate thereof shall be filed by the Governor in the office of the State Treasurer, stating the reasons therefor."

By *section* 11 the Governor is required to issue a procla-

mation declaring that the charters of all corporations which for two years have neglected or refused to pay the franchise taxes are repealed; and by *section* 13 any persons who exercise any powers under the charter after the issuing of such a proclamation are deemed guilty of a misdemeanor, for which punishment is provided. It is provided in *section* 14 that after a corporation has failed for two years to pay the franchise tax, and the fact has been reported to the Governor by the State Treasurer, the Attorney General may proceed against the corporation for the appointment of a receiver. In this proceeding the amount of tax is ascertained, and the process to collect it from the property of the company, by an execution *fieri facias;* and if there be no property which can be so reached, the Court may require any officer of the company to assign to the receiver any chose in action, to be sold by the receiver. Authority is given to the Governor, by *section* 16 of the Act by and with the advice of the Attorney General, at any time within two years after a charter has been proclaimed as inoperative and void, to fix a sum to be paid in lieu of the taxes; and upon payment of such sum the corporation is authorized to continue its business and use its franchise.

The proceeding for the appointment of the receiver in this case was taken under *sections* 43 and 44 of the general corporation Act (*chapter* 166, *vol.* 22, *Laws of Delaware*), which are as follows:

"*Section* 43. When any corporation organized under this Act shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either continue such directors, trustees as aforesaid, or appoint one or more persons to be receivers of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid.

"*Section* 44. The Court of Chancery shall have jurisdiction of said

application and of all questions arising in the proceedings thereon, and may make such orders and decrees and issue injunctions therein as justice and equity shall require."

*Sections* 40 and 46 of the general corporation Act were considered by counsel for the receiver to be pertinent to the question raised by the petitioner, and are as follows:

"*Section* 40. All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

"*Section* 46. If any corporation organized under this Act becomes dissolved by the expiration of its charter or otherwise, before final judgment obtained in any action pending or commenced in any court of record of this State, against any such corporation, the said action shall not abate by reason thereof, but the dissolution of said corporation being suggested upon the record, and the names of the trustees or receivers of said corporation being entered upon the record, and notice thereof served upon said trustees or receivers, or if such service be impracticable upon the counsel of record in such case, the said action shall proceed to final judgment against the said trustees or receivers by the name of the corporation.'

By *section* 39 of the Act, a method is provided for a voluntary dissolution of the company, by consent of a certain proportion of the stockholders; and by *section* 41 the directors of the company are the trustees to wind up its affairs, in case of such voluntary dissolution; and such trustees may, by *section* 42, sue and be sued in the name of the corporation.

*Harry Emmons*, for the petitioner, the purchaser, contended:

That where a corporation is dissolved by an absolute repeal of its charter, or by any other legal mode, it no longer exists for any purpose, unless there is some statutory provision continuing its existence; and therefore it no longer has any capacity or power to enter into contracts, or to exercise any other franchise or power conferred upon it by its charter. *Clark and Marshall on Corporations, par.* 322, and cases cited. It neces-

sarily follows from this (paragraph 322) that the dissolution of a corporation, for any cause, may be shown in any case in which the existence of the corporation is properly in issue, collaterally as well as in a direct proceeding by an information in the nature of *quo warranto*, and by private individuals as well as by the State. *Clark and Marshall on Corporations, par.* 323, and cases cited.

*Thomas F. Bayard*, for receiver.

THE CHANCELLOR: The purchaser by his petition practically raises the question of the jurisdiction of the Court to appoint the receiver, or make the order of sale. When a Court, having jurisdiction of the parties and of the subject matter, appoints a receiver over the property, or fund in controversy, the validity of such appointment and the propriety of the order cannot be successfully challenged in a collateral suit or proceeding. *High on Receivers*, § 39a, and cases there cited. But it is otherwise when the Court is without jurisdiction. *High on Receivers*, § 39c. A Court should always re-examine the question of its jurisdiction if it be questioned by a purchaser at a sale made by its order, for a purchaser at a judicial sale should not be required to take title to property which would be manifestly invalid if the court had not jurisdiction of the cause in which the sale was made. But after a careful consideration of all the objections raised by the petition, the jurisdiction of the Court seems to be clear and the sale will be confirmed.

It is contended on behalf of the purchaser, that at the time the bill was filed the company was entirely dead, its officers were stripped of all power or right to represent it, or act for it, and it could not employ a solicitor to appear for it in the suit, and could not, therefore, be a party defendant. Making it the party defendant was like making a dead person a defendant, which was not allowable. It was conceded, however, by the counsel for the petitioner, that under *section* 43 of the general corporation Act the application, if it could be made at all, could have been made by an *ex parte* proceeding without a formal defendant therein. Assuming it to be true, as contended by

the petitioner's counsel, that in general, in absence of statutory authority, a dissolved corporation is dead and cannot sue or be sued, it does not follow that under the broad powers of *section* 43 of the Delaware statute under which the bill was filed, it cannot properly be named as a defendant in that suit, or that service cannot be made in that suit on those officers who were such at the time of its dissolution, or that an appearance for it cannot be entered in that suit by a solicitor employed by such officers.   *Section* 43 is very broad in its terms, and fills out the scheme of legislation concerning dissolved corporations.    A corporation which has defaulted in payment of its franchise tax and been proclaimed, loses thereby its right to do business.    As was said by the Court in *Harris, etc., Co. v. Coffin*, (C. C.) 179 *Fed.* 257, 265, in reference to a similar provision of the law of New Jersey:

"Figuratively speaking, the right hand of the corporation, by which it was enabled to carry on business in which it was actively engaged, was paralyzed completely by the proclamation of the Governor; but its body was not affected thereby, in so far as the exercise of those functions were necessary to the performance of the acts incident to closing out and winding up its affairs were concerned."

Such a corporation is clearly within the terms of *section* 43 of the Delaware Act.   The words of *section* 43, "When a corporation   *   *   *   shall be dissolved in any manner whatever," refer to a corporation dissolved by proclamation.   The section is also amply broad as to the time within which the Court of Chancery may appoint a receiver; for it says it may be done "at any time."   This means what it says, and does not mean at any time within three years, as the petitioner's counsel contends, when he seeks to apply *section* 40 as limiting the time of corporate existence to three years after dissolution.   The scheme of the general corporation Act is very plain.   *Section* 39 provides a method of voluntary dissolution by the directors, by authority of the stockholders;   *section* 41 makes the directors the trustees to so wind up its affairs, and *section* 42 directs how suits may, after such dissolution, be brought by and against the corporation.   By *section* 40 the corporate existence is extended for three years from the time of voluntary

dissolution for the purpose of winding up the affairs of the company. After three years the officers of the company have no power to continue further their winding up duties. Then comes *section* 43, which says that "*at any time*" after dissolution the Court of Chancery may take charge of the affairs of the corporation and wind them up; and having acted on an application of a creditor or stockholder, for that purpose, "may make such orders and decrees and issue injunctions therein as justice and equity shall require." This section supplements all that goes before, and supplies every need for aid in closing up the affairs of a corporation whose arm has been paralyzed by the proclamation of the Governor, who has dissolved it as a penalty for non-payment of the taxes which it owes to the State as a condition of its continued right to transact the business or purpose for which it was created.

If it be true that even after the expiration of three years from the dissolution of the company by proclamation, jurisdiction is given to the Court of Chancery to take charge of the unfinished business of the company and its undisposed assets for proper administration thereof for the stockholders and creditors of the company, all of which is involved in the words "at any time," used in *section* 43; then the jurisdiction is not lost, if the application be made by a bill in which the corporation is named as the defendant. The statute does not indicate the form of the application, but presumably it is intended that the forms and procedure in equity cases shall be used so far as practicable; and this is by bill, answer and other pleadings; and this has been the practice in this State. In every suit there must be parties, and the corporation, though paralyzed, is still a proper party and those who were its officers when it was dissolved may answer for it in that suit. *Section* 40 does not operate as an act of limitations on an application made under *section* 43; and though the corporate existence for a winding up by the officers of the company is limited to three years from dissolution, the power of the Court of Chancery to administer the winding up proceedings is not limited thereby. Then it is not reasonable to contend, that though the Court of Chancery has express power at

any time to wind up the affairs of a dissolved corporation, still it cannot exercise that power after three years from the time of dissolution, because there is no legal entity in existence to be made a party defendant, or reply to the application. Yet such is the contention of the counsel for the petitioner. A clearly designated jurisdiction cannot be whisked away by such specious argument; and a remedial section of the general corporation Act of great value to those interested in the property of dissolved corporations, the stockholders and creditors thereof, should not be nullified by such a strained construction of other sections of the Act not in terms applicable to the sections under consideration.

The only question which is properly raised by the petition of the purchaser is as to the jurisdiction of the Court to appoint the receiver and administer the unfinished business of the company by disposing of its sole remaining asset, the real estate, for the benefit of the creditors or stockholders of the company, or both. But the counsel for the petitioner urges that the application of the stockholder involved an adjudication based on facts, and that there was no proper presentation of the facts for an adjudication, because there was no one competent to present them, the corporation being non-existent and its officers being therefore destitute of power to represent it. If a corporation at the time of its dissolution is an active one, and even to a small extent pursues the objects for which it was created, then the Court might require some reason to be shown why the officers should be displaced by a receiver to wind up its affairs. In New Jersey, under a similar provision, it was held that in such case proof of the unfitness of the directors to administer the trust, or their misconduct or incapacity to discharge their duties, should be shown as a reason for their displacement by a receiver. *American Surety Co. v. Great, etc., Co.*, 58 *N. J. Eq.* 526, 43 *Atl.* 579; *Newfoundland, etc., Co. v. Schack*, 40 *N. J. Eq.* 222, 229, 1 *Atl.* 23; *Rawnsley v. Trenton, etc., Co.*, 9 *N. J. Eq.* 95. But it is not necessary to so hold in this case. There are in the bill allegations sufficient to justify the appointment of a receiver to displace the directors. Nothing remains to be administered

but a farm, which the corporation unsuccessfully undertook to sell and convey after the expiration of three years from the dissolution of the company; and the complainant is interested personally, as well as a stockholder, to have a good title made to the property. All management of the affairs of the company has long been abandoned by the officers of it, and the president and two directors have signed an answer, which in effect consents to the appointment of a receiver to displace them. So that it appears of record that not only was there jurisdiction in the Court to appoint a receiver for the corporation, but sufficient reasons for so doing.

The prayer of the petitioner will be den:ed and an order made requiring him to comply with the terms of sale.

NOTE.—The decree in this case was affirmed by the Supreme Court on appeal. See *post p.* 411.