GEORGE N. MALSBERGER, assignee of John Sparhawk, Junior, and of Fannie B. Joseph, the said Fannie B. Joseph being also the assignee of John Sparhawk, Junior, who was the assignee of Pennsylvania Construction Company, who was assignee of Albert Atlee Jackson, mortgagees,

*vs.*

WESLEY E. PARSONS and MARY B. PARSONS, his wife, and MARY E. SUTTON, terre tenant.

*New Castle, March 26, 1917.*

In Delaware a mortgage both at law and in equity is but a pledge and no title passes from mortgagor to mortgagee.

In the statutory proceeding in a court of law by *scire facias sur* mortgage, the mortgagor or his executor or administrator are the only necessary parties defendant.

In a bill for foreclosure of a mortgage in Chancery, the mortgagor as well as the terre-tenant are necessary parties defendant.

The correct form of a decree in a bill to foreclose a mortgage should find the making of the mortgage, the lien where there are other incumbrances, the amount due and order for sale and if necessary an order for mortgagor to convey legal title or appointment of trustee to convey.

A terre-tenant who has not assumed to perform conditions of mortgage cannot in a foreclosure decree be ordered to do so, and if personal service cannot be had on him, constructive service is valid as to the *res* in a proceeding in *rem.*

BILL FOR FORECLOSURE OF A MORTGAGE. This cause was heard on bill, answer, depositions of witnesses and stipulation of the solicitors for the respective parties; the facts being stated in the opinion.

*Saulsbury, Morris and Rodney*, for the complainant.
*William S. Hilles*, for the defendants.

THE CHANCELLOR. The decree which will be entered in this case is such a radical departure from the precedents that I deem it wise to state the reasons therefor.

In this case an assignee of a mortgage filed a bill against the mortgagor and a grantee of the mortgagor to foreclose a mortgage on land given to secure the payment of money. Personal service was not made on the mortgagor, as to whom substituted service by publication was had, and in default of an appearance a decree *pro confesso* has been entered against the mortgagor. An answer was filed by the terre-tenant, the grantee of the mortgagor, and testimony has been taken in the cause. As between the complainant and the terre-tenant there has been an agreement as to the decree to be entered; but as to the mortgagor the decree and the findings therein stated are based on the record.

The mortgage is in the usual form used in Delaware, and is in form a conveyance of a fee simple estate with a condition

that if the stated sum of money be paid at a stated time, with interest, then the conveyance to be null and void, otherwise to remain in force.

To explain the decree some fundamental principles must be stated. In Delaware a mortgage both at law and in equity is but a pledge of property to secure the payment of money, or the performance of some other thing, and no title in fact or in law passes under it from the mortgagor to the mortgagee. *Malsberger v. Parsons*, 1 *Boyce*, 254, 75 *Atl.* 698, and cases there cited. While the Court of Chancery has jurisdiction to enforce rights under the mortgage concurrently with the Superior Court, yet the statutory proceeding in the court of law by *scire facias sur* mortgage is more expeditious and in other respects preferable to a suit in Chancery. At law, by statute the mortgagor, or his executor or administrator, are the only necessary parties defendant, and the grantee or devisee of the mortgagor is not a necessary party. Upon recovering a judgment the mortgaged property is sold by and conveyed by the sheriff and the judgment paid by the sheriff from the proceeds of sale. In a suit in equity the mortgagor, as well as the terre-tenant are necessary parties, and the court ascertains the amount due, if any, on the mortgage, or any other matter raised for adjudication.

In England and in some states of this country a different theory exists as to the nature of a mortgage. There it is a conveyance of the legal title with a defeasance, and the mortgagee becomes the legal owner, subject to the right of the mortgagor to redeem the mortgaged property and have a reconveyance thereof on complying with the condition of the mortgage. This right is the mortgagor's equity of redemption. If the mortgagee declines to reconvey, the court of equity is asked to compel him to do so; compliance with the condition of the mortgage being shown, and the decree would find such performance and order the reconveyance. On the other hand, the mortgagee may cut off the right of the mortgagor to redeem, and so the court of equity is asked to foreclose the equity of redemption. In such latter case the decree would find that the mortgagor had not complied with the condition, would fix

a time within which he could do so, and declare that in default of performance within the time fixed therefor he be forever cut off from redeeming his property, and so the title of the mortgagee to the land would be perfected.

But neither of these equitable remedies is suitable to, or appropriate for a Delaware mortgage. The mortgagor does not need, and so should not be awarded, a decree requiring the mortgagee to reconvey, and the mortgagee does not get what he needs by a decree simply foreclosing, or cutting off the right of the mortgagor to redeem, for obviously he would have neither the legal title to the mortgaged property, nor performance of the obligation, such as payment of the debt due him. What he needs, therefore, is to have a sale of the mortgaged property to enforce his lien. But this is not consistent with the English theory of a mortgage.

The correct form of a decree in a bill by a mortgagee is to find the making of the mortgage; the lien acquired thereby, in case there are other incumbrances or rights; the amount due thereon, if it be security for a debt; and an order for a sale of the mortgaged property so that from the proceeds of sale the debt may be paid. There may be cases when a sale is not suitable relief, and the mortgagee may need to acquire a transfer of the legal title as well as a foreclosure of any equity of redemption, and in such cases the decree could provide such relief by requiring the mortgagor to convey, or by appointing a trustee to convey, the legal title.

For these reasons, therefore, the decree has been made in the form shown hereinafter as the only one consistent with the theory of the courts of Delaware respecting the nature and legal effect of a mortgage on property in Delaware.

The correctness of the theory which I have stated and adopted is demonstrated when one considers the application thereof to a case where the mortgagor no longer owns the mortgaged property, which is owned by a grantee of the mortgagor. If such terre-tenant has not in the conveyance, or otherwise, assumed to perform the condition of the mortgage, he cannot in the degree be ordered to do so. In case such terre-tenant be out of the jurisdiction so that personal service cannot be

had on him, still as the court where the mortgaged property is situated has jurisdiction to enforce the lien, because it has jurisdiction of the *res* in a proceeding in *rem* against the *res*, a constructive service as to him is valid so far as the *res* is concerned.

The decree entered is as follows:

"On this twenty-sixth day of March, A. D. 1917, this cause coming on to be heard upon decree *pro·confesso* as to the said Wesley E. Parsons and Mary B. Parsons, his wife [the mortgagors], and on bill, answer, depositions and stipulation of solicitors as to Mary E. Sutton [the terre-tenant];

"And it appearing to the Chancellor that the said Wesley E. Parsons and Mary B. Parsons, his wife, made to Albert Atlee Jackson their indenture of mortgage, dated the thirtieth day of August, A. D. 1897, conditioned for the payment to the said Albert Atlee Jackson, his executors, administrators and assigns of the sum of ten thousand five hudred dollars ($10,500) on or before the first day of September, A. D. 1898, with interest thereon at the rate of six per centum per annum, thereby mortgaging unto the said Albert Atlee Jackson, his heirs and assigns, the following real estate, therein described, viz:

(Here is inserted a description of the real estate by metes and bounds.)·

"And it appearing to the Chancellor that the said indenture was duly recorded in the office for the recording of deeds, &c., in and for New Castle County, on the fourth day of September, A. D. 1897;

"And it appearing to the Chancellor that by sundry deeds the said mortgaged premises were conveyed to the said Mary E. Sutton;

"And it further appearing to the Chancellor that the said indenture of mortgage was by sundry mesne assignments, in said bill mentioned, assigned to George N. Malsberger, the plaintiff as alleged in said bill;

"And it further appearing to the Chancellor that the sum of two thousand five hundred dollars ($2,500) has been paid on account of the principal of said mortgage and that all interest thereon has been paid to the fourth day of June, A. D. 1899;

It is, therefore, ordered, adjudged and decreed by the Chancellor, that the sum of eight thousand dollars ($8,000) with interest on the said sum of eight thousand dollars ($8,000) at the rate of six per centum per annum from the fourth day of June, A. D. 1899, remains due and unpaid to the said complainant upon said mortgage;

"And further, that the lands and premises hereinbefore and in said indenture of mortgage described are bound by the lien of said mortgage to pay the said sum of eight thousand dollars ($8,000) with interest thereon at the rate of six per centum per annum from the fourth day of June, A. D. 1899, until payment;

"And further, that the said mortgaged premises and all the right, title, interest and estate of the said mortgagors of, in and to the same at the time of the making of said mortgage be sold by the sheriff of New Castle County aforesaid for the payment of said sum of eight thousand dollars ($8,000) with interest thereon at the rate of six per centum per annum from the fourth day of June, A. D. 1899, until payment, subject to the confirmation of this court, to the highest and best bidder therefor for cash; the said sheriff first giving ten days notice thereof, by advertisement, describing the premises to be sold and appointing the day, hour and place of sale thereof, posted in ten or more of the most public places in New Castle County aforesaid, and also to be advertised in the Every Evening, a newspaper published in the City of Wilmington, every other day, five times immediately before the day of sale; and that the sheriff make return of his proceedings under this order to the Chancellor at his chambers, in the County Court House, in the City of Wilmington, at ten o'clock in the forenoon of the third day after said sale, and on or before said return day to pay into this court the purchase money of the premises sold, to be disposed of as the Chancellor shall order and direct.

"And further, that the Register in Chancery, upon application of the complainant, or his solicitor, make a copy of this decree under the seal of this court and deliver the same to the sheriff of New Castle County aforesaid to be executed.

"And the Chancellor reserves the right to make such further orders and decrees in this cause as the nature of the case may require."