SYLVESTER D. TOWNSEND, JR., Trustee Under a Certain Mortgage or Deed of Trust,

*vs.*

DELAWARE GLUE COMPANY.

*New Castle, April* 15, 1918.

Where a corporation has been dissolved for nonpayment of a franchise tax, the corporation is the only proper defendant in a suit brought within three years after its dissolution to foreclose a mortgage made by it, and its directors are not proper parties to the suit.

*Section* 40 of the *General Corporation Law* applies, and *Sections* 39, 41 and 42 do not.

BILL TO FORECLOSE MORTGAGE. Bill by Sylvester D. Townsend, Jr., as trustee for foreclosure of a mortgage or deed of trust against the Delaware Glue Company. After hearing on the bill and answer, at the election of complainant, a decree was entered directing the trustee named to sell the property at public sale. At return by trustee of his proceedings confirmation of the sale was objected to by the purchaser.

*Emile V. Topkis*, for trustee.

*Edmund S. Hellings*, for purchaser.

THE CHANCELLOR. In this case the complainant, the trustee under a deed of trust in the nature of a mortgage, made by the Delaware Glue Company to secure payment of bonds made by the mortgagor, the complainant having been made trustee in place of the original trustee, filed a bill to enforce payment of the bonds by a sale of the mortgaged premises on which a lien had been acquired by the mortgage. The mortgagor was a corporation under the laws of the State of Delaware, and the sole defendant. An answer admitting the allegations of the bill was filed and a decree made for the sale of the mortgaged premises to enforce the lien and payment of the debt secured by bonds, the form of the decree being in substance like the one made in the case of

*Malsberger v. Parsons*, 11 *Del. Ch.* 249, 100 *Atl.* 786. Later the trustee made a report that he had made the sale. The purchaser, at the time the trustee made return, by petition made objections to the confirmation of the sale and asked that it be annulled.

The objection was based on allegations that at the time the suit was commenced, and within three years, the charter of the Delaware Glue Company, the mortgagor and sole defendant, had been forfeited by proclamation of the Governor of the State of Delaware for non-payment of franchise taxes due to the State by the defendant company, and that the directors of the company, although by the statutes of Delaware they became and were trustees to wind up the affairs of the company, had not been made parties defendant in the suit.

By *Section 39 of the General Corporation Act* (*Rev. Code* 1915, § 1953), provision is made for a voluntary dissolution and winding up of the affairs of the company by action of the directors and stockholders of a corporation. All corporations, whether they expire by their own limitations, or are otherwise dissolved, are by section 40 continued for three years for prosecuting and defending suits, and to enable them to settle and close their business. Sections 41 and 42 provide thus:

"Sec. 41.—Upon the dissolution of any corporation under the provisions of section 39 of this chapter, the directors, or the governing body, by whatever name it may be known, shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell, and convey the property, real and personal, and divide the moneys and other property among the stockholders, after paying its debts.

"Sec. 42.— The persons constituted trustees as aforesaid shall have authority to sue for and recover the aforesaid debts and property, by the name of the trustees of such corporation, describing it by its corporate name, and shall be suable by the same name for the debts owing by such corporation at the time of its dissolution, and shall be jointly and severally responsible for such debts, to the amounts of the moneys and property of such corporation which shall come into their hands or possession."

When a corporation is dissolved in any manner, then by section 43 the Court of Chancery may at any time either continue the directors as trustees or appoint a receiver to wind up under its direction the affairs of the company. If a corporation is dis-

solved before final judgment in any suit pending at the time of dissolution, then by section 46 the action does not abate; but in case the dissolution is suggested on the record and notice given to trustees or receivers, the case may proceed to final judgment against the trustees or receiver by the name of the corporation.

It is very clear that the suit was properly instituted against the corporation only, and that the directors were not proper and certainly were not necessary parties. There is no statutory provision making directors trustees of a corporation whose charter has been forfeited by the State. The only section which makes directors trustees to wind up the affairs of a corporation is section 41, and this distinctly refers to a dissolution arising in a particular way, viz, to a voluntary dissolution as authorized and regulated by section 39, and does not apply to a corporation whose charter is annulled without the consent of the directors or stockholders. Section 42 refers obviously to the trustees who are referred to in section 41, viz, to trustees in voluntary dissolution, and not to a corporation whose charter has been annulled by the State.

This view is consistent with the decision of this court in *Harned v. Beacon Hill Real Estate Co.*, 9 *Del. Ch.* 232, 80 *Atl.* 805, affirmed by the Supreme Court in 9 *Del. Ch.* 411, 84 *Atl.* 229, where it was held that the Chancellor had jurisdiction under section 43 to appoint a receiver of a corporation whose charter had been annulled by the State more than three years prior to the bringing of the suit for such receiver; that the corporation was the proper defendant; and that those persons who were officers of the corporation at the time of its dissolution could in that proceeding appear and answer the bill. In that case the answer of the company was signed by its president and two of the directors, the corporate seal duly attested by the secretary affixed.

As a result of that and this decision, upon a voluntary dissolution of a corporation the directors become trustees to wind up its affairs. But the Court of Chancery may at any time appoint receivers to do so. When corporations are dissolved, or annulled in any other way, then the corporation continues for three years to wind up its affairs, and the duty to do this is on the officers and directors, though at any time the Court of Chancery may displace them by a receiver. Debts of a corporation whose charter

has been forfeited by the State may within three years thereafter be collected by suits against the corporation as the sole defendant, as was done in this case. Section 46 has reference only to suits pending at the time for dissolution.

The sale will be confirmed, notwithstanding the objection made · hereto.