**TRADESMEN'S NAT. BANK & TRUST CO.
v. JOHNSON.**

No. 4541.

District Court, D. Maryland.

Dec. 2, 1931.

Wm. L. Marbury, Jr., of Baltimore, Md., for plaintiff.

Edmond H. Johnson, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The defendant's plea in abatement in this case challenges the jurisdiction of the court. The point involved arises under title 28, § 41, par. 1, of the United States Code Annotated; and under that portion thereof known as the "assignment clause," which constitutes an exception to jurisdiction based on diverse citizenship. The language of this exception is as follows: "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent hold-

er if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

The plaintiff's declaration discloses that the suit is by the Tradesmen's National Bank & Trust Company, a Pennsylvania corporation, formed by consolidation of the Tradesmen's National Bank and the Guarantee Trust & Safe Deposit Company, another Pennsylvania corporation; and that the defendant, William F. Johnson, is a citizen of the state of Maryland. The suit is based upon five promissory notes made by the defendant, aggregating in principal amount $17,-500, payable to the order of himself, and indorsed by himself in blank to the Manufacturers' & Merchants' Discount Company, a Delaware corporation, and by the latter delivered to the Guarantee Trust & Safe Deposit Company, a Pennsylvania corporation. The plaintiff's declaration therefore states a case within the jurisdiction of this court based on diverse citizenship and comprehended by the affirmative provisions as to jurisdiction contained in paragraph 1, § 41, of the United States Code.

The defendant's plea to the jurisdiction alleges that the Manufacturers' & Merchants' Discount Company, the plaintiff's assignor, with respect to the promissory notes sued on, "was not a resident and citizen of the State of Delaware as alleged in the plaintiff's declaration and was, therefore, not competent at the time aforesaid to have prosecuted in this court a suit upon said cause of action had no assignment thereof been made." ·

The plaintiff's replication to this plea alleges that "at the time of the institution of this suit the Manufacturers and Merchants Discount Company was a resident and citizen of the State of Delaware."

■ It is to be noted at the outset that the defendant's plea does not allege that the Manufacturers' & Merchants' Discount Company was a citizen of the state of Maryland, or a citizen of the District of Columbia, or some federal territory. Therefore, the legal conclusion of the plea that the Manufacturers' & Merchants' Discount Company as assignor of the plaintiff "was therefore not competent at the time aforesaid to have prosecuted in this court a suit on this cause of action had no assignment thereof been made," is not necessarily correct. It seems the plea would have been demurrable had the plaintiff demurred instead of replying. See Big

Sespe Oil Co. v. Cochran (C. C. A. 9th) 276 F. 216, 219.

· The parties waived a trial by jury on the plea and replication and have submitted the matter for the determination of the court without a jury. The only evidence introduced consists of a certificate of incorporation of the Manufacturers' & Merchants' Discount Company under the laws of the state of Delaware on October 30, 1922, and a certificate from the Secretary of State of Delaware that:

"The aforesaid corporation is no longer in good standing under the laws of the State of Delaware, having become inoperative and void the first day of April, A. D. 1928, for non-payment of taxes;

"And I do hereby further certify that the aforesaid corporation was proclaimed in accordance with the provisions of sections 75 and 76 of chapter 65 of the Revised Statutes of 1915 on the fifteenth day of January, A. D. 1929, the same having been reported to the Governor as having neglected or refused to pay their annual Franchise Taxes for two consecutive years."

The suit in this case was filed March 8, 1931. Defendant's contention on this evidence is that the Manufacturers' & Merchants' Discount Company ceased to be a corporation of the state of Delaware on and after April 1, 1928, and therefore would not have been competent to bring suit on the notes at the time of the institution of this suit on March 18, 1931. Wherefore, the defendant contends that as the *plaintiff's assignor* could not have prosecuted this suit at the time it was instituted, the plaintiff as assignee claiming through the assignment cannot maintain the suit under the provisions of the assignment clause of title 28, § 41(1), of the United States Code, above quoted, and particularly the last phrase thereof which reads, "unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

■ It is, of course, well settled by federal judicial decisions that the requisite diversity of citizenship must exist and is to be tested as of the time of the institution of the particular suit. Anderson v. Watts, 138 U. S. 694, 11 S. Ct. 449, 34 L. Ed. 1078; Emsheimer v. New Orleans, 186 U. S. 33, 22 S. Ct. 770, 46 L. Ed. 1042.

In support of his contention that this Delaware corporation could not have main-

tained a suit to recover on these notes if it had still held them at the time this suit was instituted, defendant cites the case of Indian Protective Association v. Gordon, 34 App. D. C. 553 (affirmed without opinion by the United States Supreme Court in 225 U. S. 698, 32 S. Ct. 839, 56 L. Ed. 1262), where it was held by the Court of Appeals of the District of Columbia that a Delaware corporation, after a proclamation by the Secretary of State for failure to pay taxes, could not maintain a suit and that this resulted from a construction of the applicable Delaware statutes. The court in its opinion specially considered the effect of section 40 of the General Corporation Law of the State of Delaware (Rev. Code Del. 1915, § 1954), providing that: "All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate, for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and .convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

The court concluded that this section did not save the right to institute suits to a corporation whose charter had been forfeited for nonpayment of taxes, taking the view that the language of section 40 above quoted was not applicable because the particular corporation was not *dissolved* within the meaning of section 40. This last-cited case was decided in 1910. Since then, section 40 of the Delaware Corporation Laws has been somewhat amended (Rev. Code Del. 1915, § 1954, as amended by 34 Del. Laws, c. 112, § 9), but the amendment is not in point on the question now being considered. However, subsequent to the decision in Indian Protective Association v. Gordon, the Delaware courts have construed and applied the same statute to a similar situation, reaching a contrary conclusion. See Harned v. Beacon Hill Realty Co., 9 Del. Ch. 232, 80 A. 805, affirmed by the Supreme Court of Delaware in 9 Del. Ch. 411, 84 A. 229; and to the same effect, see Townsend v. Delaware Glue Co., 12 Del. Ch. 25, 103 A. 576. And in Big Sespe Oil Co. v. Cochran (C. C. A. 9th), 276 F. 216, 223, on a similar situation affecting a Delaware corporation, the court followed the decision of the Delaware Supreme Court in the case of Harned v. Beacon Hill Realty Company, su-

pra. As the affirmance of the Indian Protective Association Case by the Supreme Court was without opinion, it cannot be known precisely what view was taken by the Supreme Court as decisive of the particular case. But even if the effect of the affirmance without opinion was an approval of the ruling of the Court of Appeals of the District of Columbia on the particular point involved, nevertheless it seems entirely clear that the later decision of the Supreme Court of Delaware is now controlling. and would be followed by the Supreme Court of the United States. People of Sioux County, Neb., v. National Surety Co., 276 U. S. 238, 48 S. Ct. 239, 72 L. Ed. 547; Chi. M. St. P. & P. R. R. Co. v. Risty, 276 U. S. 567, 570, 48 S. Ct. 396, 72 L. Ed. 703.

It appears clear enough, therefore, that at the time of the institution of this suit the Manufacturers' & Merchants' Discount Company would have been competent to institute and maintain the suit for the collection of the proceeds of the notes if it had still been the holder thereof. This consideration would also be decisive against the defendant's contention in this case.

But I am of the opinion that there is still a further ground on which the defendant's present contention denying the jurisdiction must fail.

The history of the assignment clause contained in United States Code Annotated, title 28, § 41, shows very clearly that the purpose of the restriction as to suits by an assignee was to prevent the making of *an assignment of a chose in action for the purpose of giving jurisdiction to the Federal Court.* Holmes v. Goldsmith, 147 U. S. 150, 160, 13 S. Ct. 288, 291, 37 L. Ed. 118. Bearing this dominant purpose in mind, care must be taken in applying the language of the assignment clause against a construction in a merely and absolutely literal sense. The assignment clause in its original form was a part of the original Judiciary Act, and although it has been changed in phraseology from time to time in succeeding acts of Congress, nevertheless the dominant purpose of the Act has always been clearly kept in mind. That is to say, the assignment clause has always been treated as an exception to or limitation upon the jurisdiction conferred on the District Courts growing out of diverse citizenship and, as said by the Supreme Court in Holmes v. Goldsmith, supra, that purpose was to "prevent the making of assignments of choses in action for the pur-

370

pose of giving jurisdiction to the federal court." See, also, Brown v. Fletcher, 235 U. S. 589, 595, 35 S. Ct. 154, 59 L. Ed. 374. In accordance with this dominant purpose, it has been recently held by the Supreme Court that the assignment clause in section 41 of the United States Code, title 28, is not a limitation upon the jurisdiction which is dependent upon a Federal question, but only a limitation on jurisdiction based on diverse citizenship. Sowell v. Federal Reserve Bank, 268 U. S. 449, 45 S. Ct. 528, 69 L. Ed. 1041.

■ It follows in my opinion that even if the plaintiff's contention as to the effect of the Delaware statutes was sound, nevertheless the jurisdiction of the District Court in this case would not be defeated by the fact that after the assignment and delivery of the notes by the Manufacturers' & Merchants' Discount Company, a Delaware corporation, to the plaintiff, a Pennsylvania corporation, the vitality of the Delaware corporation was terminated by its failure to pay taxes and it was so proclaimed by the Secretary of State of Delaware, and therefore lacked the power to institute any suit. Such a situation would, I think, be quite analogous to the death of an individual. Thus, if the defendant's notes had been originally payable to a Delaware individual who in due course assigned them to a Pennsylvania citizen, and the Delaware payee thereafter died, I would think there would be no jurisdictional difficulty in a suit by the Pennsylvania citizen against the Maryland citizen as a maker of the notes; for in such a case, while it is literally true that the payee, as assignor of the plaintiff, could not have maintained the suit (because he was dead), nevertheless, the assignment in the case was not made for the purpose or with the effect of conferring jurisdiction on the federal court. To hold otherwise would be to deny jurisdiction for the mere purpose of gratifying the literal and not the substantial sense and intendment of the assignee clause.

There have been very many federal decisions construing and applying the assignee clause which, in one form or another, has been in force ever since 1789. I have not had called to my attention any case which has construed and applied the clause in any of its various forms in the way now contended for by the defendant in this case; nor, so far as I am aware, has any such contention ever been made. In passing, it may be noted that it would seem that under the facts in the case of Big Sespe Oil Company v. Cochran (C. C. A.) 276 F. 216, the same contention might

have been made, because there the jurisdiction of the court was based on diverse citizenship and the plaintiff was claiming under an assignment made by a Delaware corporation proclaimed as legally dead for nonpayment of taxes prior to the suit. The defendant did in that case challenge the jurisdiction of the court but not for the reason mentioned.

■ It may perhaps be doubted whether the plea and replication in this case are aptly designed to raise the substantial question that has been discussed. The fact literally in issue by the plea and replication is whether the Manufacturers' & Merchants' Discount Company was a resident and citizen of Delaware at the time of the institution of this suit. This precise question has not been argued by counsel other than in relation to the power of the corporation, if it still be a corporation for any purpose, to have maintained this suit if it had still held the notes. But I deem this literal issue immaterial and unimportant because it was evidently the substantial intention of both parties by this pleading to raise the question whether under the admitted facts the jurisdiction of the court exists or fails. As the plaintiff's declaration shows a case within the jurisdiction, the burden of proof, under the defendant's plea to the jurisdiction, is on the defendant. Under all the evidence, I find no legal basis to support the defendant's plea denying the jurisdiction and, therefore, am constrained to rule as a matter of law that there is no evidence legally sufficient to support the defendant's contention in the plea.

The original notes sued on are attached to the declaration, and from an inspection of them, I see that they are all, save one, indorsed not only by the Manufacturers' & Merchants' Discount Company by Stanley M. Brown, president, but also immediately after the indorsement by William F. Johnson (the maker) there is the individual indorsement of Stanley M. Brown. This may indicate Stanley M. Brown was the original first holder of the notes for value and therefore the original assignor through whom the plaintiff now claims by intermediate assignment. In that event, it is possible that the citizenship of Stanley M. Brown may be a matter of importance as affecting the jurisdiction. But as neither the declaration nor the plea make any reference to this matter, nor is there any evidence now before me as to the citizenship of Stanley M. Brown (other than the possible inference from the fact that his address at the time of the protest notice was Philadel-

phia, Pa.), I have given no consideration to what may be the ultimate effect of his citizenship if, when, and as definitely shown. It is, of course, possible that he may have been a citizen of Maryland at the time of the institution of the suit and if so, and if he was further the first holder of the note for value, it may hereafter become necessary to dismiss the suit for lack of jurisdiction. However, no opinion is expressed at this time with regard to this point, which indeed is not now before me.

The clerk is instructed to enter a verdict for the plaintiff on the plea to the jurisdiction.