## UNITED AUTOMATIC RIFLES CORPORATION v. JOHNSON et al.

### No. 957.

District Court, D. Massachusetts.

Sept. 29, 1941.

Arthur Berenson and Bernard Berenson, both of Boston, Mass., for plaintiff.

Richard Wait and Donald M. Hill (of Choate, Hall & Stewart), both of Boston, Mass., for defendants.

SWEENEY, District Judge.

The matter before me is defendants' motion for summary judgment in which it is contended that the plaintiff corporation has no power to maintain this action, because it became inoperative and void October 1, 1938, for nonpayment of taxes, and was proclaimed on January 18, 1939. This action was filed in October, 1940. The defendants contend that under the laws of Delaware, a corporation, whose charter has become inoperative and void for nonpayment of its franchise tax, no longer has corporate existence so as to enable it to bring an action in its own name. The plaintiff maintains that by virtue of Section 42 of the General Corporation Law of Delaware, Rev.Code Del.1935, c. 65, § 2074, its corporate existence continues for three years after its charter has been repealed for the limited purpose of prosecuting and defending suits and winding up its business. For the purpose of this motion, the controversy can be reduced to the single issue: whether or not Section 42 of the Delaware incorporation law applies to a corporation, such as the plaintiff, whose charter has become inoperative and void pursuant to Sections 71 and 72 of the Delaware Franchise Tax Law, Rev.Code Del.1935, c. 6, §§ 105, 106.

The defendants, in contending that Section 42 does not apply, rely most strongly on the case of Indian Protective Ass'n v. Gordon, 34 App.D.C. 553, affirmed by the Supreme Court without opinion in 225 U.S. 698, 32 S.Ct. 839, 56 L.Ed. 1262. This case, which was decided in 1910, bases its decision in part on the fact that the plaintiff could not maintain the action because it had no corporate existence under Delaware law, the court holding that Section 40 of the General Corporation Law of that State (in substance the present Section 42) did not apply to a corporation whose charter had been made void by proclamation for nonpayment of its franchise tax. At the time this case was decided there does not appear to have been any Delaware decision in which the point was considered. If, since the Gordon case, the Delaware courts have placed a different construction on the applicability of this Section, we are required by Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to follow their construction. In determining what is the law of a particular state on a question of statutory construction, not only must we follow the decisions of the highest court of such state, but we must also follow the decisions of intermediate courts where the highest court has not passed on the particular point, Fidelity Union Trust Co. et al. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109, unless we are convinced by other persuasive data that the highest court of the state would decide otherwise, West v. American Telephone and Telegraph Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956.

Since the opinion in the Gordon case, the decisions in Delaware have made it quite clear that Section 42 of their General Corporation Law continues the existence of a corporation, whose charter has become inoperative and void under the provisions of the Franchise Tax Act, for a period of three years for the limited purposes provided by that Section. The case most directly in point is Townsend v. Delaware Glue Co., 12 Del.Ch. 25, 103 A. 576, 577. In holding that Section 40 (now Section 42) of the General Corporation Law applied, and that therefore the defendant whose charter had been proclaimed for nonpayment of its tax continued for the purpose of "prosecuting and defending suits" the court said, in drawing a line between dissolutions, voluntary and otherwise:

"When corporations are dissolved, or annulled in any other way, then the corporation continues for three years to wind up its affairs * * *."

The case of Harned v. Beacon Hill Real Estate Co., 9 Del.Ch. 411, 84 A. 229, 235, eliminates any doubt whether the highest court of the state would concur with the Townsend decision. In this case the Supreme Court of Delaware held that Section 43 of the incorporation laws, which provides for the appointment of a receiver for a dissolved corporation, is applicable to a corporation which has been proclaimed for nonpayment of its franchise tax. The court, after discussing the common law

whereby a corporation would have no existence after repeal of its charter, said the following:

"But such is not now the law of this and many other states. While a dissolved corporation is not continued for the purpose of doing business for which it was created, it is continued in order that, for the period of three years, the corporation itself may settle and close its business * * *."

See, also, McKee v. Standard Minerals Corporation, 18 Del.Ch. 97, 156 A. 193; Broza v. Aluminum Cleaner Corporation, 18 Del.Ch. 305, 159 A. 430. And analogously see Wuerfel v. F. H. Smith Co., —— Del. Ch. ——, 13 A.2d 601, and Tradesmen's Nat. Bank & Trust Co. v. Johnson, D.C., 54 F. 2d 367, 369.

I am not passing on the propriety of the defendants' raising this jurisdictional question by way of a motion for summary judgment under Rule 56, as I prefer to decide the issue on its merits and treat the motion as though properly brought. I think, however, that the correct method for attacking the jurisdiction should be by motion to dismiss under Rule 12(b) or by suggestion under Rule 12(h).

The defendants' motion is denied.