AMICARE NURSING INNS, INC. v. CHC CORPORATION

No. 7726SC2

(Filed 19 October 1977)

**Corporations § 28— revocation of charter—power to sue**

A Delaware corporation whose charter has been revoked for nonpayment of its franchise taxes had authority under Delaware law to sue in its own name for a period of three years after such revocation.

APPEAL by defendant from *Hasty, Judge*. Judgment entered 1 November 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 September 1977.

Civil action wherein plaintiff, a Delaware corporation, seeks to recover damages for an alleged breach of contract by the defendant, a Maryland corporation. Defendant alleged in its amended answer that plaintiff's charter had been revoked by the Secretary of State of Delaware for nonpayment of franchise taxes and that, consequently, under the applicable Delaware statutes, plaintiff lacked the capacity to sue. The trial court by order dated 17 May 1976 severed the issue of capacity to sue for preliminary determination.

On 26 May 1976 plaintiff moved for summary judgment on the severed issue. On 1 November 1976 the trial court found as a fact that

"8. The Charter of Amicare Nursing Inns, Inc. was deemed 'inoperative and void' the 15th day of April, 1971, for nonpayment of franchise taxes by the Secretary of State of Delaware; the Charter of Amicare Nursing Inns, Inc. was 'proclaimed' inoperative and void by the State of Delaware on the 25th day of January, 1972, seven days before the plaintiff Amicare's complaint in this matter was filed."

The court then concluded as a matter of law that

"1. Section 278 of the General Corporation Law of Delaware is controlling, and a corporation whose charter has been declared 'inoperative and void' for nonpayment of franchise taxes is nevertheless continued thereafter for a period of three years of body corporate for the purpose of prosecuting and defending suits by or against it."

On this basis the court granted plaintiff's motion for summary judgment on the severed issue and defendant appealed.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage and William P. Farthing, Jr., for plaintiff appellee.*

*Smith, Anderson, Blount & Mitchell by Henry A. Mitchell, Jr., and Michael E. Weddington for defendant appellant.*

HEDRICK, Judge.

In its six assignments of error defendant contends that the pertinent Delaware statutes read in harmony with one another compel the conclusion that a corporation whose charter has been revoked for nonpayment of franchise taxes lacks the capacity to bring suit. Plaintiff argues that § 278 of the General Corporation Law of Delaware authorizes all dissolved corporations, including those with revoked charters, the power to sue in its own name for a period of three years. Section 278 reads in pertinent part:

> "All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of three years from such expiration or dissolution . . . bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them . . . but not for the purpose of continuing the business for which the corporation was organized . . . ."

Defendant, citing *Indian Protective Association v. Gordon*, 34 App. D.C. 553, *affirmed without opinion*, 225 U.S. 698, 32 S.Ct. 839, 56 L.Ed. 1262 (1910), responds that a corporation whose charter has been revoked for nonpayment of taxes is not "dissolved" within the meaning of § 278 and that therefore plaintiff has no statutory authority upon which to sue until it has paid its taxes.

After an examination of the few cases on point, we find that Indian Protective Association, *supra*, is no longer controlling. Subsequent cases decided by the Delaware court and the federal courts have rendered its authority obsolete. In *Townsend v. Delaware Glue Co.*, 12 Del. Ch. 25, 103 A. 576 (Del. 1918), the Delaware Court of Chancery held that a corporation whose

charter had been revoked for nonpayment of taxes could be sued in its own name as a party defendant under the predecessor of § 278. *See also Harned v. Beacon Hill Real Estate Co.*, 9 Del. Ch. 411, 84 A. 229 (Del. 1912). There is no significance as regards the applicability of § 278 in the distinction relied upon by the defendant that *Townsend* involved a party defendant instead of a party plaintiff as in the present case. The terms of § 278 are equally applicable to both situations. Furthermore, defendant's sole authority, *Indian Protective Association*, has been rejected by a more recent federal court decision which is substantially similar in its factual situation to ours. *See Tradesmen's National Bank & Trust Co. v. Johnson*, 54 F. 2d 367 (D. Md. 1931). It is clear that the Delaware court has interpreted § 278 as applying to the case at hand. Accordingly, we hold that summary judgment for plaintiff on the issue of plaintiff's capacity to sue is affirmed.

Affirmed.

Judges BRITT and MARTIN concur.